Frank Edward MILANO, Appellee,

v.

Sam GARRISON and State of North Carolina, Appellants.

No. 80–6225.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 1980.

Decided June 23, 1981.

Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N. C., (Rufus L. Edmisten, Atty. Gen. of N. C., Rudolph A. Ashton, III, Asst. Atty. Gen., Raleigh, N. C., on brief), for appellants.

Michael S. Scofield, Charlotte, N. C., for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

A jury found the petitioner, Frank Edward Milano, guilty of first degree rape in North Carolina Superior Court. The North Carolina Supreme Court affirmed the conviction. *State v. Milano*, 297 N.C. 485, 256 S.E.2d 154 (1979). The district court granted the petitioner's application for a writ of habeas corpus. We reverse.

The district court held that the exclusion of the results of a Psychological Stress Evaluator (PSE) (a form of lie detector) examination favorable to Milano, while admitting by agreement the unfavorable results of a polygraph examination, denied Milano a fair trial. Finding the PSE to be at least as reliable as the polygraph, the district court relied upon its opinion in *Jackson v. Garrison*, 495 F.Supp. 9 (W.D.N.C.1979), and stated that lie-detector testimony "ought to be admissible in criminal prosecutions, on behalf of either side, if the defendant has testified."

Milano does not assert that the results of PSE examinations are generally admissible. He contends that under *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the failure of the trial court to admit the results of the PSE examination so that he could rebut the state's polygraph evidence denied him a fair trial.

The admission of the results of the polygraph examination had been stipulated to by Milano and the prosecution. The trial court found that the polygraph examination was administered under proper conditions by a qualified polygraphist. The North Carolina Supreme Court found the trial court's admission of the results of the polygraph test was proper under North Carolina law. *Milano*, 256 S.E.2d at 162. However, the prosecution refused to stipulate to the admission of the PSE results. North Carolina law does not allow the admission of lie-detector evidence absent a stipulation to its admissibility by the parties. *Milano*, 297 N.C. at 498–500, 256 S.E.2d at 162–63. North Carolina's rules regulating the admission of lie-detector evidence are "matter[s] of state law and procedure not involving federal constitutional issues." *Jackson v. Garrison*, 677 F.2d 371 (4th Cir. 1981). The trial court did not deprive the petitioner of any constitutional rights when it excluded the PSE results and admitted the polygraph results; the first had not been agreed to while the latter had.

The judgment of the district court is accordingly

REVERSED.