No. 81–189. ISRAEL ET AL. *v.* McMORRIS. C. A. 7th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE REHNQUIST, with whom JUSTICE O'CONNOR joins, dissenting.

Before September 1, 1981, polygraph evidence was admissible in a criminal trial in Wisconsin if the prosecutor and the defendant stipulated in writing both to the administration of

the test itself and to the subsequent admission into evidence of the test results. Notwithstanding the stipulation, the trial court, in its discretion, could refuse to admit the test results into evidence if it determined that the examiner was not qualified or if the test was not conducted under proper conditions. The opposing party was provided with the opportunity to cross-examine the examiner. Finally, the trial judge was required to instruct the jury that the test tends only to indicate whether at the time of the test the defendant was telling the truth and that the test results may not be used to prove or disprove any element of the crime. See *State* v. *Stanislawski*, 62 Wis. 2d 730, 742–743, 216 N.W. 2d 8, 14 (1976).[1]

Because the Wisconsin procedure permitted the prosecutor to refuse, "without articulating his reasons," a defendant's offer to stipulate to the admission of polygraph evidence, the Court of Appeals for the Seventh Circuit held that respondent's due process rights may have been violated. It directed that a writ of habeas corpus issue unless the "prosecutor had valid reasons for refusing to enter into the stipulation offered by the defendant." 643 F. 2d 458, 466 (1981). According to the Court of Appeals, "the prosecutor's refusal to enter into a stipulation must be for justifiable reasons. Justifiable reasons in this context are reasons which go to the reliability of the test or to the integrity of the trial process, not reasons which consider merely the relative tactical advantages from the use of the evidence to the prosecution and the defense." *Id.*, at 464. In order for a court to review the prosecutor's refusal to stipulate to the admission of otherwise inadmissible evidence, the Court of Appeals reasoned that the prosecutor must articulate his reasons.[2]

---

[1] The Wisconsin Supreme Court has recently overruled *Stanislawski*, holding it error to admit polygraph evidence in a criminal proceeding unless the stipulation was executed prior to September 1, 1981. *State* v. *Dean*, 103 Wis. 2d 228, 279, 307 N.W. 2d 628, 653 (1981).

[2] The Court of Appeals apparently based its conclusion on *Washington* v. *Texas*, 388 U. S. 14 (1967), and *Chambers* v. *Mississippi*, 410 U. S. 284 (1973).

In my view, this Court should grant the petition for certiorari in this case. Although the case involves a state rule of evidence, the Court of Appeals' decision did not rest on the trial court's exclusion of evidence necessary for the defendant to mount a defense, but on the *prosecutor's* refusal to stipulate to the admission of otherwise inadmissible evidence. In this case, the Court of Appeals has found federal constitutional issues lurking, not in a state court's refusal to admit exculpatory evidence proffered by the defendant, but in the prosecutor's reasons for refusing to stipulate to the admission of otherwise inadmissible evidence. In a given case, this Court's decisions may require that exculpatory evidence be admitted into evidence despite state evidentiary rules to the contrary, but these cases do not suggest any limitation upon the reasons that may permissibly motivate the prosecutor's objection to the admission of inadmissible evidence.

Because the Wisconsin polygraph rule was based on principles of consent and waiver,[3] I do not see how the Court of Appeals' reasoning would not apply to *any* objection by a prosecutor to the introduction of otherwise inadmissible evidence. Though the Court of Appeals attempted to limit its decision to cases involving the polygraph, it seems to me that its reasoning necessarily sweeps a good deal beyond just that type of evidence. In our adversarial system of criminal procedure, testimony from witnesses and documentary exhibits are generally admitted into evidence unless the opposing party objects. In a sense, any such objection by the prosecution is a "refusal" to consent or to stipulate to the admissibility of the evidence. Such an objection, in the words of the Court of Appeals, enables the prosecutor "to veto" the admission of inadmissible evidence. But, according to the Court of Appeals, the defendant's right to a fair trial may be denied because the prosecutor has merely objected on the grounds

---

[3] The Wisconsin Supreme Court has expressly stated that its stipulation rule was based on principles of consent and waiver. *State* v. *Dean, supra,* at 257, 307 N.W. 2d, at 642.

that the State's evidentiary rules require that the evidence be excluded. The Court of Appeals expressed concern at the inability of courts to review this exercise of prosecutorial authority; but I have thought the common premise of the constitutional limitations on a State's administration of criminal justice was that either party to a criminal trial could "veto" the admission of otherwise inadmissible evidence through the simple expedient of objecting to its admission.

True, we have held that a defendant's rights under the Sixth and Fourteenth Amendments may be implicated when a trial *court* mechanically applies state evidentiary rules to preclude a defendant from introducing exculpatory evidence necessary to his defense. See, *e. g.*, *Green* v. *Georgia*, 442 U. S. 95 (1979) (capital case); *Chambers* v. *Mississippi*, 410 U. S. 284 (1973); *Washington* v. *Texas*, 388 U. S. 14 (1967). But here the Court of Appeals did not find that the exclusion of the polygraph testimony by the trial court was in itself error of constitutional magnitude; it was at pains to point out that Wisconsin was free to wholly exclude polygraph evidence if it chose to follow that policy. The fault the Court of Appeals found with respondent's state-court trial was not the ultimate exclusion of the polygraph evidence, but the fact that the prosecutor failed to articulate any reason for refusing to consent to its admission. I think that this is a dubious constitutional holding with considerable implications beyond the facts of the case—indeed, beyond polygraph tests—which warrants plenary consideration by this Court.

Although Wisconsin has recently abandoned its stipulation rule in favor of a rule that forbids the admission of polygraph evidence under any circumstances, this is hardly a reason to deny review in this case. In light of the Court of Appeals' decision, habeas corpus relief is apparently available to all Wisconsin prisoners who were precluded by the stipulation rule from introducing polygraph test results into evidence. Because as many as 23 States will admit polygraph evidence

upon stipulation,[4] the Court of Appeals' decision calls into question the constitutionality of almost half the States' evidentiary rules regarding the admissibility of polygraph test results. The Court of Appeals for the Eighth Circuit has held that polygraph evidence may be admitted upon stipulation into evidence in a criminal trial. *United States* v. *Oliver*, 525 F. 2d 731, 736–737 (1975), cert. denied, 424 U. S. 973 (1976). Finally, two Courts of Appeals have held that a defendant's constitutional right to a fair trial is not infringed when the prosecutor refuses to stipulate to the admissibility of polygraph test results. *Milano* v. *Garrison*, 677 F. 2d 374, 375 (CA4 1981); *Jackson* v. *Garrison*, 677 F. 2d 371, 373 (CA4 1981); *Conner* v. *Auger*, 595 F. 2d 407, 411 (CA8), cert. denied, 444 U. S. 851 (1979); *United States* v. *Bohr*, 581 F. 2d 1294, 1303 (CA8), cert. denied, 439 U. S. 958 (1978).

Because of this apparent conflict among the Courts of Appeals on this issue, and because of doubt as to the correctness of the Court of Appeals' decision in this case, I would grant the writ of certiorari.