David Lee JONES, Petitioner-Appellant,

v.

John L. WELDON, Warden Coastal Correctional Institution, Respondent-Appellee.

No. 82–8238

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 1, 1982.

**836**

Robert E. Sigal, Atlanta, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Atlanta, Ga., for respondent-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

In this appeal appellant claims that because Georgia allows the state to stipulate to the admission of polygraph evidence, failure of the prosecutor to give written reasons for his refusal to stipulate violates appellant's constitutional rights. We disagree and affirm the denial of habeas relief.

David Lee Jones, appellant, was indicted in the Superior Court of Fulton County, Georgia on charges of rape and burglary. Jones was convicted on both charges and sentenced to ten years on each, to be served concurrently. Defendant moved for a new trial. During the hearing on this motion, appellant, an indigent, requested a polygraph examination to be provided by the state and used by the defense in evidence at a new trial. The state refused to provide funds for the polygraph.[1] The motion for a new trial was denied and the convictions were affirmed by the Georgia Court of Appeals. *Jones v. State,* 156 Ga.App. 543, 275 S.E.2d 119 (1980). The Georgia Supreme Court denied the petition for writ of certiorari.

Jones filed a petition in federal district court for habeas corpus relief under 28 U.S.C. § 2254. The district court, adopting the Magistrate's recommendation, denied relief on the basis that appellant's constitutional rights had not been infringed. Appellant appeals from that order.

In Georgia, results of a polygraph are generally inadmissible, *e.g., Feltham v. Cofer,* 149 Ga.App. 379, 254 S.E.2d 499 (1979); *Cagle v. State,* 132 Ga.App. 227, 207 S.E.2d 703 (1974); *Salisbury v. State,* 221 Ga. 718, 146 S.E.2d 776 (1966), unless both parties expressly stipulate to admissibility in a particular case, *State v. Chambers,* 240 Ga. 76, 239 S.E.2d 324 (1977). On direct appeal in the Georgia courts and in the habeas proceeding below, appellant asserted that the Georgia rule violates his Sixth Amendment right to compel witnesses in his favor. In addition, appellant argued that even if the Georgia rule substantively passes constitutional muster, where, as in the instant case, a prosecutor refuses to stipulate to the admissibility of a polygraph test, written reasons must be given for the refusal. As urged by appellant, absent a requirement that reasons be given in writing, a prosecutor may act arbitrarily so as to violate the Fifth and Fourteenth Amendment procedural due process rights of criminal defendants.[2] On appeal, appellant no longer challenges the constitutionality of the Georgia rule as a substantive matter,

---

1. The state court indicated it had no authority to order the state to provide a polygraph. This ruling is not challenged on appeal.

2. The Georgia Court of Appeals opinion is not clear as to whether or not this argument was raised in these specific terms on direct appeal. Appellees, however, have made no allegation of failure to exhaust state remedies. Any such challenge is therefore waived. *Lamb v. Jernigan,* 683 F.2d 1332 at 1335 n.1 (11th Cir. 1982); *Hopkins v. Jarvis,* 648 F.2d 981, 983 n.2 (5th Cir. 1981); *Messelt v. Alabama,* 595 F.2d 247, 250–51 (5th Cir. 1979).

but argues only that when a state allows stipulation by the parties as an exception to a general inadmissibility rule, reasons for a prosecutor's refusal to stipulate are constitutionally required as a safeguard against arbitrariness.[3]

In *State v. Chambers,* 240 Ga. 76, 239 S.E.2d 324 (1977), the Georgia Supreme Court held for the first time that "upon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." 239 S.E.2d at 325. Prior to this decision no polygraph evidence was admissible. *Famber v. State,* 134 Ga.App. 112, 213 S.E.2d 525 (1975).

Appellant argues that the decision in *Chambers* provided defendants with a substantive right to introduce polygraph evidence, contingent only upon a prosecutor's consent, and that the existence of this substantive right requires utilization of procedural safeguards to protect against the arbitrary use of the "veto" power allegedly given to prosecutors.

The sole authority for appellant's argument is *McMorris v. Israel,* 643 F.2d 458 (7th Cir. 1981), *cert. denied,* 455 U.S. 967, 102 S.Ct. 1479, 71 L.Ed.2d 684 (1982) (two Justices dissenting). In *McMorris,* the Seventh Circuit held that under a then-prevailing Wisconsin stipulation rule, similar to that followed in Georgia under *Chambers,* a defendant's due process rights may be violated if a prosecutor refuses to enter into the stipulation for no valid reason and ordered that a writ of habeas corpus be issued unless the prosecutor had "valid reasons" for the refusal. 643 F.2d at 466. The case was remanded for a finding as to whether such reasons existed.

The Seventh Circuit concluded that the Wisconsin Supreme Court in *State v. Stanislawski,* 62 Wis.2d 730, 216 N.W.2d 8 (1974),

in which the stipulation rule was first enunciated, had intended to create a general right to introduce polygraph evidence, subject only to a prosecutor "veto." Accordingly, the Wisconsin rule was not only a so-called "consent" rule, by which the right of the parties to waive objection to otherwise inadmissible evidence was recognized, but a determination by the state court that polygraph tests were now considered sufficiently reliable to justify their admissibility, and a creation of a substantive right to have polygraph evidence admitted. The court stressed that the decision that written reasons were constitutionally required was based on the fact that the Wisconsin rule reflected a judgment by the state court that polygraph evidence had become more reliable. *McMorris,* 643 F.2d at 465. The requirement of written reasons was directly contingent upon a determination that the Wisconsin court was not creating a mere consent rule, but had intended to create a qualified right to introduce polygraph evidence.

The Wisconsin Supreme Court soon made clear that the Seventh Circuit had misinterpreted the basis for the stipulation rule. *State v. Dean,* 103 Wis.2d 228, 307 N.W.2d 628 (1981). In *Dean* the state court declared that the rule was one merely recognizing a party's right to waive objection to otherwise inadmissible evidence and was not based on a determination of reliability of polygraphs. *Id.* at 637, 642. The court concluded that, as the rule was not serving to enhance the reliability or integrity of the trial process, from that date forward Wisconsin courts would return to a blanket rule against the admissibility of polygraph evidence. *Id.* at 653.

Appellee here, the State of Georgia, argues that the *Chambers* decision is properly construed as one merely allowing parties to waive their right to object to admission of polygraph tests but creating no substantive right to introduce polygraph evidence. Giv-

---

The Eleventh Circuit in the en banc decision of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

3. We note that more than twenty states admit polygraph evidence upon stipulation of the parties. *See Israel v. McMorris,* 455 U.S. 967, 970, 102 S.Ct. 1479, 1481, 71 L.Ed.2d 684 (1982) (Rehnquist, J., dissenting from denial of writ of certiorari).

en that no substantive right is created, no written reasons for refusing to consent are constitutionally required.

■ We agree with appellee that in *Chambers* the Georgia Supreme Court left intact the general rule of inadmissibility of polygraph evidence. The court merely recognized a party's right, within that rule, to waive objection to otherwise inadmissible evidence. The court's ruling was not based on any finding that polygraph evidence is now considered reliable in Georgia and, therefore, should be generally admissible as a matter of qualified right. Rather, the court specifically stated that "[w]e acknowledge that doubt exists as to the complete reliability of lie detector tests, and we share at least a modicum of that doubt." 239 S.E.2d at 325. The Georgia Court of Appeals in *Feltham v. Cofer* explained: "It is the undisputed law of this state that the results of a polygraph examination are not admissible into evidence and have no probative value. In the absence of a stipulation of admissibility, this general rule of inadmissibility applies." 254 S.E.2d at 501 (citations omitted). The Georgia appellate court also has stated that polygraph evidence is not admissible "as a matter of right." *Scott v. State,* 146 Ga.App. 25, 245 S.E.2d 360, 361 (1978).

Given these pronouncements by Georgia courts, we conclude that no substantive right to introduce polygraph evidence has been created in Georgia. There being no such substantive right, there is no basis for appellant's argument that a written statement of reasons for refusal to stipulate is constitutionally required.[4]

Appellant does not here challenge the overall constitutionality of the Georgia rule of inadmissibility absent a stipulation by the parties.[5] There being no constitutional violation presented, the district court ruling denying appellant's petition is AFFIRMED.

---

4. A rule requiring written reasons for failure to waive an objection to generally inadmissible evidence could have far-reaching implications. Any objection by trial counsel to the introduction of inadmissible evidence could be construed as a refusal to consent or stipulate to the admission of the evidence. Thus the logic of *McMorris* could extend to require, as a constitutional matter, written reasons for every such objection. *Israel v. McMorris,* 102 S.Ct. at 1481 (Rehnquist, J., dissenting from denial of writ of certiorari).

5. Indeed, the merit of such a challenge would be dubious. A general inadmissibility rule is followed and has consistently withstood challenge in this Circuit. *United States v. Clark,* 598 F.2d 994 (5th Cir. 1979), *rehearing en banc dismissed,* 622 F.2d 917 (5th Cir. 1980). *See also United States v. Martino,* 648 F.2d 367, 390 (5th Cir. 1981), *aff'd in rehearing en banc and portions of the panel opinion, including restatement of rule of inadmissibility, reinstated,* 681 F.2d 952 (5th Cir. Unit B 1982); *United States*

*v. Masri,* 547 F.2d 932, 936 (5th Cir.), *cert. denied,* 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977); *United States v. Cochran,* 499 F.2d 380, 393 (5th Cir. 1974), *cert. denied,* 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d 825 (1975); *United States v. Gloria,* 494 F.2d 477, 483 (5th Cir.), *cert. denied,* 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d 267 (1974); *United States v. Frogge,* 476 F.2d 969, 970 (5th Cir. 1973), *cert. denied,* 414 U.S. 849, 94 S.Ct. 138, 38 L.Ed.2d 97 (1974). Furthermore, two other Circuit Courts of Appeals have held that a prosecutor's refusal to stipulate to the admissibility of polygraph evidence does not violate a defendant's right to a fair trial. *Milano v. Garrison,* 677 F.2d 374 (4th Cir. 1981) and *Jackson v. Garrison,* 677 F.2d 371 (4th Cir. 1981); *Conner v. Auger,* 595 F.2d 407, 411 (8th Cir.), *cert. denied,* 444 U.S. 851, 100 S.Ct. 104, 62 L.Ed.2d 67 (1979); *United States v. Bohr,* 581 F.2d 1294, 1303 (8th Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978).