Donald James CARRIER *v.* STATE of Arkansas

CR 82-128                                    647 S.W.2d 449

Supreme Court of Arkansas
Opinion delivered March 7, 1983

*Ronald L. Griggs,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty.
Gen., for appellee.

PER CURIAM. Appellant Donald James Carrier was convicted by the trial court sitting without a jury of first degree murder and sentenced to life imprisonment in the Arkansas Department of Correction. It is from that conviction that appellant brings this appeal.

Pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved as counsel and a brief stating there is no merit to the appeal. The State concurs that the appeal has no merit. Appellant has filed a pro se brief in which he raises ineffective assistance of counsel as a point for reversal. The allegation cannot be considered, however, because allegations of ineffective assistance of counsel may not be raised for the first time on appeal. *Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981). The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under A.R.Cr.P. Rule 37.

Appellant was charged with the strangulation death of an El Dorado woman. He waived trial by jury and stipulated that the facts supporting the charge, including his handwritten statement about the crime, psychologist's and psychiatrist's reports, the police report, medical examiner's report and crime lab report, would be submitted to the trial court for its determination of whether he was mentally incompetent when the crime was committed.

If the accused wishes to submit the question of his legal responsibility for a crime to the trial court on documentary evidence by stipulation without the appearance of witnesses, he may do so. See *United States* v. *Wray,* 608 F.2d 722 (8th Cir. 1979), *cert. denied* 444 U.S. 1048 (1979). The trial court then has the duty as trier of fact to determine from the evidence before it whether the accused was legally sane or insane. *Parker* v. *State,* 268 Ark. 441, 597 S.W.2d 586 (1980). The appellate court does not attempt to weigh the evidence or pass on the credibility of the medical reports where the opinions of the doctors conflict. *Parker, supra; Curry* v. *State,* 271 Ark. 913, 611 S.W.2d 745 (1981). This Court must affirm the trial court's finding on the issue of sanity if there is substantial evidence to support it. *Parker, supra.* In

544

appellant's case the psychiatric report of the Arkansas State Hospital concluded that he was "fit and responsible." We find this to be substantial evidence to support the trial court's finding.

From a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.