762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry Darnell Plummer, Petitioner-Appellant,
v.
Herman C. Davis, Warden, Respondent-Appellee.
 No. 84-5580
 United States Court of Appeals, Sixth Circuit.
 4/8/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge, KEITH, Circuit Judge, and WEICK, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order dismissing his habeas corpus petition brought under 28 U.S.C. 2254. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted of first degree murder and was sentenced to life imprisonment. After exhausting his remedies in the Tennessee courts, petitioner filed this habeas corpus petition alleging that the state court refused to admit the results of a polygraph test into evidence, refused to allow individual voir dire of prospective jurors, and convicted him on insufficient evidence. The district court dismissed the petition on the grounds that the first two issues were matters of state law not cognizable in a federal habeas corpus action, and the evidence was sufficient to support petitioner's conviction. We affirm.
 
 
 3
 Errors in the application of state law, especially rulings on the admissibility of evidence, are not reviewable in a federal habeas corpus proceeding. Engle v. Isaac, 456 U.S. 107 (1982); Matlock v. Rose, 731 F.2d 1236 (6th Cir. 1984). Therefore, petitioner's first two claims provide no basis for habeas corpus relief insofar as they challenge the application of state law. Petitioner's claim that the exclusion of the polygraph results violated due process is without merit. Exclusion of polygraph results does not constitute a deprivation of a fair trial in light of the lack of agreement in the scientific community as to their accuracy. Jones v. Weldon, 690 F.2d 835 (11th Cir. 1982); Jackson v. Garrison, 677 F.2d 371 (4th Cir.), cert. denied, 454 U.S. 1036 (1981); Conner v. Auger, 595 F.2d 407 (8th Cir.), cert. denied, 444 U.S. 851 (1979); cf. Poole v. Perini, 659 F.2d 730 (6th Cir. 1981), cert. denied, 455 U.S. 910 (1982).
 
 
 4
 Petitioner's claim that an individual voir dire of prospective jurors in every capital case is constitutionally required is also without merit. Petitioner argues that exclusion of opponents of capital punishment violates a defendant's right to an impartial jury. The Supreme Court has recently held that prospective jurors may be excluded for cause if their views on capital punishment would prevent or substantially impair the performance of their duties as jurors. Wainwright v. Witt, ---- U.S. ----, 105 S.Ct. 844 (1985). Petitioner does not point to any actual bias of any individual juror in this case.
 
 
 5
 Petitioner's third ground for relief is that the evidence presented at trial was insufficient to support his conviction. For the reasons stated by the district court, we find that there was sufficient evidence from which a jury could convict petitioner beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 6
 We decline to review the district court's findings on the issue of prosecutorial misconduct. This claim was not raised as an issue in the habeas corpus petition. See Butler v. Rose, 686 F.2d 1163 (6th Cir. 1982).
 
 
 7
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).