**Jairo E. BETANCOURT,**
**Petitioner-Appellee,**

v.

**Gerald WILLIS, Superintendent,**
**Respondent-Appellant.**

**No. 86–8537.**

United States Court of Appeals,
Eleventh Circuit.

April 20, 1987.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant.

Grayson P. Lane, Brunswick, Ga., for petitioner-appellee.

Before FAY and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

Petitioner Jairo Betancourt sought habeas corpus relief under 28 U.S.C. § 2254 (1982), alleging that his guilty plea for conspiracy to possess cocaine was not voluntary because he did not understand his plea or its consequences. Petitioner's attorneys had informed him that, if he pleaded guilty, the court had agreed to reduce his sentence at a later time to insure that it was commensurate with the federal sentences of his two co-defendants. Subsequently, the state court did not recall the existence of any such plea agreement and refused to reduce petitioner's sentence. The United States District Court for the Southern District of Georgia granted Betancourt's petition, finding that his plea was not volun-

tary and that his counsel provided ineffective assistance. We affirm solely on the ineffective assistance of counsel ground.

In September 1983, a state grand jury indicted Betancourt and his two co-defendants, Alfredo Cervantes and Donald Kapperman, for trafficking in cocaine. Additionally, the three defendants faced trial in federal court for possession and importation of cocaine and conspiracy to possess and import cocaine. The federal and state prosecutors proposed that if any of the defendants pled guilty to either the state or federal charges, the other pending charges would be dismissed against that defendant. Cervantes and Kapperman accepted the plea agreement and, after pleading guilty to the federal charges, awaited sentencing in federal court. At that time, Betancourt was scheduled for trial in state court and then federal court.

Wanting to work out a plea agreement in state court to avoid a federal trial, Betancourt's counsel, Grayson Lane, Delman Minchew, and Alan Tucker, attempted to convince Superior Court Judge Clarence Blount to agree to sentence Betancourt to prison time of four or six years in exchange for a guilty plea to the lesser state charge of conspiracy to possess cocaine.[1] The judge, finding the amount of prison time unacceptable, refused to accept this plea agreement. According to Betancourt's attorneys, the court then proposed that Betancourt plead guilty to state charges and receive a twelve year sentence, and the court promised to reduce his sentence later to equal the lowest sentence received by either of his co-defendants in federal court. When the judge allegedly made this suggestion, only two of Betancourt's attorneys were present.[2]

---

1. Trafficking in cocaine carried a maximum penalty of thirty years while conspiracy to possess carried a maximum penalty of fifteen years. The court was willing to sentence petitioner for the lesser offense of conspiracy to possess cocaine so that his potential exposure to prison time would match the fifteen years maximum faced by his federal co-defendants under their plea agreements.

2. Besides petitioner's attorneys, Grayson Lane and Delman Minchew, District Attorney Donnie Dixon of the Waycross Judicial Circuit had been present for the plea discussions in Judge Blount's office. The parties did not reach any

agreement at that time. After Judge Blount got word that he was wanted in the courtroom, all parties moved into the hallway. Judge Blount allegedly suggested the plea agreement there. Although District Attorney Dixon was still in the hallway, he was not within earshot. (Respondent's Exh. 4, pp. 13, 22, 45, 52.)

At the hearing on the withdrawal of Betancourt's guilty plea, Dixon testified that Betancourt's attorneys informed him of the alleged plea agreement "contemporaneous" to Betancourt entering his plea. (Respondent's Exh. 4, p. 93.) Dixon, however, was not present at Betancourt's sentencing hearing, and no one at the

Shortly thereafter, the attorneys informed Betancourt of the court's promise to reduce his sentence. Because one of his co-defendants had cooperated extensively with the federal authorities, counsel predicted that Betancourt would not receive more than six years in prison. Although Betancourt worried because the sentence reduction agreement was not in writing, counsel assured him that he could trust the judge. Accordingly, Betancourt decided to plead guilty to conspiracy to possess cocaine.

At the hearing on March 16, 1984, the court sentenced Betancourt to fifteen years with twelve years to serve and three years probation. The probation was to be suspended after Betancourt paid fine, restitution and court costs totalling $25,050.00. Betancourt acknowledged to the court that he understood the consequences of his plea. During the entire hearing, Betancourt's attorneys did not mention the sentence reduction agreement or attempt to place the terms of the plea agreement on the record.

After Betancourt's co-defendant Cervantes was sentenced to five years, Betancourt's counsel filed a motion for a sentence reduction. Judge Blount, not recalling any sentence reduction agreement and finding no evidence of it on the record, denied the motion.[3] Betancourt then filed a motion to withdraw his guilty plea and a motion to recuse Judge Blount. After Judge Blount voluntarily recused himself, Judge H.W. Lott held an evidentiary hearing on the withdrawal motion. On June 5, 1985, Judge Lott denied Betancourt's motion to withdraw his guilty plea, and the Georgia Court of Appeals, not finding an abuse of discretion in the denial, affirmed the ruling.[4] Subsequently, Betancourt filed this habeas corpus petition, alleging that his guilty plea was involuntary.

Viewing the voluntariness of the plea issue as a mixed case of law and facts, the district court found that the evidence at the hearing before Judge Lott overwhelmingly indicated that Betancourt pleaded guilty because of the assurances of his counsel that he would receive a sentence reduction later. Therefore, his plea was not made with an awareness of its true consequences. "[T]he fact that a defendant enters a plea of guilty and states at the time of the plea that the plea is being given freely and voluntarily does not necessarily preclude that defendant from subsequently challenging the voluntariness of the plea." *Martin v. Kemp,* 760 F.2d 1244, 1247 (11th Cir.1985).

Furthermore, the district court, at the urging of the state in a motion to alter, amend or reconsider the original holding, ruled that ineffective assistance of counsel also rendered the guilty plea involuntary. Analyzing the case under the two part standard of *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the court found that, first, the representation of petitioner's counsel fell below an objective standard of reasonableness by representing to petitioner that the court had agreed to a later sentence reduction, by failing to memorialize the alleged plea agreement by letter, affidavit or other appropriate means, and by neglecting to enter it upon the record. Second, the court ruled that, but for counsel's errors, the result of the proceeding would have been different because petitioner would not have pleaded guilty without the promise of a subsequent sentence reduction.

---

hearing placed the terms of the plea agreement on the record.

3. At the evidentiary hearing on Betancourt's motion to withdraw his guilty plea, Judge Blount testified that he had told Betancourt's attorneys that he would entertain a motion to modify Betancourt's sentence, but only because every defendant has a right to file such a motion. (Respondent's Exh. 4, p. 66.)

4. In *Betancourt v. State,* 177 Ga.App. 738, 341 S.E.2d 239 (1986), the court stated that the misunderstanding as to the terms of the pretrial agreement was not controlling on the issue of withdrawal of Betancourt's plea of guilty. At the hearing, Betancourt confirmed that he entered his plea freely and voluntarily and understood that the court could impose the maximum sentence as a result of the guilty plea. Additionally, neither Betancourt nor his counsel mentioned the agreement at the hearing. Consequently, the court of appeals ruled that the trial court did not abuse its discretion by refusing to allow Betancourt to withdraw his guilty plea.

On March 9, 1986, the Supreme Court of Georgia denied Betancourt's petition for a writ of certiorari.

We find the district court was correct in its analysis of the ineffective assistance of counsel claim. The evidence is uncontroverted that petitioner was completely unaware of the ultimate consequences of his plea because his counsel misrepresented the existence of a sentence reduction agreement. *See McBryar v. McElroy*, 510 F.Supp. 706 (N.D.Ga.1981) (defendant's guilty plea was involuntary because his attorney misrepresented that the prosecution had agreed to give the defendant probation in return for cooperation and entry of a guilty plea). Therefore, we find that petitioner's counsel was ineffective, and we affirm the granting of the petition on that ground.