881 F.2d 1069
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank Edmond MILANO, Petitioner-Appellee,
v.
Aaron J. JOHNSON, Respondent-Appellant.
 No. 88-7237.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1989.
Decided July 20, 1989.
 
 Barry Steven McNeill, Assistant Attorney General (Lacy H. Thornburg, Attorney General, Department of Justice on brief) for appellants.
 Daniel H. Pollitt (University of North Carolina on brief) for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The state of North Carolina appeals from the issuance of a writ of habeas corpus for convicted rapist Frank Milano. The district court granted the writ on the ground that the North Carolina Supreme Court's refusal to apply retroactively its decision banning polygraph evidence in criminal trials violated Milano's due process right to a fair trial. Because we hold that state evidentiary rules governing polygraph tests do not implicate constitutional concerns, we reverse.
 
 
 2
 * This is the second time we have considered a petition for writ of habeas corpus on behalf of Frank Milano. In 1981, we reversed a district court's grant of habeas relief to Milano. Milano v. Garrison, 677 F.2d 374 (4th Cir.1981). The district court had held that excluding the results of a psychological stress evaluator examination favorable to Milano, while admitting by agreement the unfavorable results of a polygraph examination, denied Milano a fair trial. We held that since admissibility of lie-detector evidence was purely a matter of state evidence law, and since Milano and the prosecutor had stipulated to admissibility of the results of polygraph examination in accordance with North Carolina law, no constitutional issue was raised. 677 F.2d at 375.
 
 
 3
 In 1983, the North Carolina Supreme Court held that polygraph evidence is inherently unreliable and banned its admission in all trials regardless of the parties' stipulation to its admissibility. State v. Grier, 307 N.C. 628, 300 S.E.2d 351 (1983). In Grier, the court stated that its new rule would be effective prospectively, and in State v. Williams, 311 N.C. 395, 317 S.E.2d 396 (1984), the court expressly refused to apply the rule retroactively.
 
 
 4
 Milano filed this action for writ of habeas corpus, contending that because his rape conviction was based on evidence which the North Carolina Supreme Court subsequently deemed "inherently unreliable," his conviction must not stand. The district court recognized that the admission of polygraph evidence is not prohibited by the Constitution. It concluded, nevertheless, that when a state supreme court changes its opinion and holds polygraph evidence inadmissible because it is unreliable, due process requires that the new rule be applied retroactively.
 
 II
 
 5
 The critical issue in this case is whether Milano's constitutional right not to be deprived of his liberty without due process of law was infringed by the introduction of the polygraph evidence in accordance with his stipulation that it was admissible in his criminal trial. No Supreme Court opinion has been called to our attention that casts doubt on our decision in Milano, 677 F.2d at 375, that the admission of polygraph evidence does not raise a constitutional question. The most recent case on which Milano relies expressly recognizes that the admission of such evidence is not constitutional error. United States v. Miller, No. 86-5200, slip op. at 4236 (9th Cir. April 25, 1989). North Carolina's change of its rule pertaining to the admissibility of polygraph evidence did not make unconstitutional that which was constitutional at the time of Milano's trial. A significant number of jurisdictions allow the stipulated use of polygraph evidence in criminal trials. See, e.g., United States v. Oliver, 525 F.2d 731, 736-38 (8th Cir.1975); Annotation, Admissibility of Lie Detector Test Taken Upon Stipulation that the Result Will be Admissible in Evidence, 53 A.L.R.3d 1005 (1973 & 1988 Supp.). North Carolina has changed positions on the issue, see Grier, 307 N.C. at 637-40, 300 S.E.2d at 356-58, and could change its view again.
 
 
 6
 Cases that address the retroactive application of new constitutional rules of criminal procedure, such as Teague v. Lane, 109 S.Ct. 1060 (1989) (fair cross section of petit jury); Allen v. Hardy, 478 U.S. 255 (1986) (peremptory challenges); and Stovall v. Denno, 388 U.S. 293 (1967) (lineups), are not applicable because neither the admission nor the subsequent exclusion of polygraph evidence is based on the Constitution. In order to apply constitutional principles of retroactivity to Milano's situation, we would first have to hold that the admission of polygraph evidence was constitutional error. Only then could we decide whether our new constitutional rule should be retroactively applied. There is no justification for following this course because it fails to surmount the first step. In this circuit--as in others--it has been held that the admission of polygraph evidence upon stipulation is a matter governed by state evidentiary rules, not the federal Constitution. See Milano, 677 F.2d 374.
 
 
 7
 The judgment of the district court is reversed.