**Mikel W. HOUSTON, Appellant,**

v.

**A.L. LOCKHART, Director of the Arkansas Department of Correction, Appellee.**

No. 90–2592.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided March 11, 1992.

Order Granting Rehearing En Banc and Vacating Opinion and Judgment April 29, 1992.

William M. Howard, Pine Bluff, Ark., argued for appellant.

Olan W. Reeves, Little Rock, Ark., argued for appellee.

Before JOHN R. GIBSON, BOWMAN, and LOKEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Mikel W. Houston appeals the denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 (1988). Houston is serving a life sentence for rape. He claims his counsel was ineffective in failing to secure a stipulation to admit certain polygraph test results into evidence at trial and failing to pursue the issue on appeal. He also contends that his counsel should have raised the ineffective assistance issue on appeal. The district court[1] concluded that: (1) an objection to the prosecution's refusal to stipulate to the test results would have been futile in light of Arkansas' law on the admission of polygraph test results; and Houston's asserted error was unreviewable because it did not infringe upon his constitutional protections,

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-sas.

and was not so prejudicial as to deny due process. We affirm the district court's order denying the petition.[2]

A jury convicted Houston of raping his twelve year-old daughter LaDonna by deviate sexual activity. Because he was a habitual offender, the jury sentenced him to life imprisonment. The Arkansas Supreme Court affirmed the conviction on direct appeal. *Houston v. State*, 293 Ark. 492, 739 S.W.2d 154 (1987). Houston filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37 with the Arkansas Supreme Court, specifically asserting ineffective assistance of counsel. Houston claimed that the prosecution and defense preliminarily agreed to admit his polygraph test results at trial, but that after he took the tests, the prosecution reneged on its agreement and defense counsel made no objection.[3] Houston filed with the Arkansas Supreme Court a copy of the polygraph examiner's report indicating that he was truthful during the tests in denying the sexual contact with his daughter.

■ The Arkansas Supreme Court held that polygraph tests are admissible only if both parties agree in writing to the admission. *Houston v. State*, No. CR 87–85, slip op. at 1, 1988 WL 14162 (Ark. Feb. 22, 1988). There was no evidence that the prosecution had made such a written agreement. Accordingly, the test results were not admissible, making an objection by the defense futile. *Id.* The court stated Houston had not proven that his trial would have turned out differently had the test results been admitted. *Id.* at 2. The court could not conclude that there was a reasonable probability that the test results would have so bolstered Houston's credibility as to persuade the jury to acquit him. *Id.* The court also rejected arguments that Houston's counsel failed to file an adequate appellate brief, as Houston had not

shown a meritorious issue omitted in his appeal. *Id.*

Houston then filed this habeas petition in the United States District Court, claiming, among other issues, ineffectiveness of counsel both at trial and on appeal. The district court agreed with the Arkansas Supreme Court that an objection to the prosecution's refusal to stipulate to the admission of the polygraph test results would have been futile absent an existing written stipulation. *Houston v. Lockhart*, No. PB–C–88–294, slip op. at 6 (E.D.Ark. Aug. 28, 1990). The district court also rejected Houston's claim that his counsel failed to file an adequate appellate brief. *Id.* The district court concluded that Houston's counsel was not ineffective. *Id.* at 3–6. After disposing of other claims Houston has not raised on this appeal, the district court denied his petition. *Id.* at 9.

■ Houston argues that his counsel's actions constitute ineffective assistance under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He asserts that the very fact that his trial counsel did not stipulate to the admission of the polygraph test results demonstrates their ineffectiveness, and severely affected his chances of acquittal. Houston also points to his counsel's failure to raise the issue on appeal. He further claims that his counsel failed to raise the ineffective assistance claim on appeal because they continued to represent him at that proceeding. The ultimate conclusion as to whether Houston was deprived of effective assistance of counsel is a question of law that we review de novo.[4] *See Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir.1984).

■ A defendant claiming a violation of the sixth amendment right to effective assistance of counsel must show that: (1)

**2.** Houston has not raised a due process argument on appeal and we do not reach it, but it is abundantly clear that the district court did not err in its handling of this issue.

**3.** Houston's rule 37 motion filed with the Arkansas court asserts only an agreement between his attorney and the prosecutor with respect to the polygraph results, but his petition filed with the district court adds the statement that the judge

was present and participated in the verbal agreement.

**4.** Houston assumes that the district court held that he procedurally defaulted on his claim because his counsel did not raise it on appeal in state court. To the contrary, the district court ruled on the merits of the claim, *Houston v. Lockhart*, slip op. at 3–6.

counsel's representation fell below an objective standard of reasonableness; and (2) a reasonable probability exists that counsel's error prejudiced the defendant. *Strickland,* 466 U.S. at 687–95, 104 S.Ct. at 2064–69; *Spillers v. Lockhart,* 802 F.2d 1007, 1009 (8th Cir.1986).

Under the first *Strickland* standard, we consider whether Houston's counsel acted unreasonably in failing to secure a stipulation to admit his polygraph test results into evidence. Arkansas law requires a written stipulation of both parties before polygraph tests are admissible. *Foster v. State,* 285 Ark. 363, 369–70, 687 S.W.2d 829, 832 (1985), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3213, 96 L.Ed.2d 700 (1987); *see also* Ark. Code Ann. § 12–12–704 (Michie 1987) (polygraph test results are generally not admissible in Arkansas courts). The prosecution was under no obligation to make a written stipulation regardless of any alleged oral agreement it may have made before Houston took the polygraph tests. We agree with the Arkansas Supreme Court and the district court that an objection would have been fruitless in the face of the prosecution's refusal to make a stipulation.

Having determined that Houston's counsel's representation did not fall below an objective standard of reasonableness, we need not consider the second *Strickland* issue of whether a reasonable probability exists that Houston was prejudiced by the alleged error. We are convinced, however, that there is no reasonable probability that the admission of the results would have affected the outcome of Houston's trial. We cannot say there is a reasonable likelihood that the polygraph test results would have so bolstered Houston's credibility as to override LaDonna Houston's testimony of what occurred.

 Houston argues that his counsel should have raised the polygraph test results issue on appeal. He also claims that counsel did not raise the issue of their own incompetence on appeal because "it is not reasonable to expect trial counsel to assert their own shortcoming in this case." As we have stated, the law of both this circuit and Arkansas would have made it fruitless for counsel to object to the court's refusal to allow Houston's polygraph test results into evidence. Raising the issue on appeal would have been equally unavailing. Furthermore, Houston's argument that his counsel should have raised the ineffective assistance claim on appeal is without merit, as the proper place to raise such a claim is in a Rule 37 petition, *Carrier v. State,* 278 Ark. 542, 647 S.W.2d 449, 450 (1983). This Houston did, and the Arkansas Supreme Court decided the issue adversely to Houston on the merits. We see no ineffectiveness in failing to raise this issue on direct appeal.

We affirm the district court's judgment denying the writ.

LOKEN, Circuit Judge, dissenting.

Mikel Houston alleges that his trial attorneys, the prosecutor, and the trial judge orally agreed that, if Houston took a pretrial polygraph test, either side could introduce the results at trial. Houston took the test, passed it, but the favorable polygraph results were nonetheless inadmissible because the agreement was not in writing. *See Foster v. State,* 285 Ark. 363, 687 S.W.2d 829 (1985), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3213, 96 L.Ed.2d 700 (1987). Houston claims the failure of his counsel to get this deal in writing constitutes ineffective assistance of counsel. The majority disagrees, affirming the denial of habeas corpus relief, *without a hearing,* because "[t]he prosecution was under no obligation to make a written stipulation regardless of any alleged oral agreement." I respectfully dissent.

When evaluating claims of ineffectiveness under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we are obliged "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S.Ct. at 2065. At the time of the alleged oral agreement, the State's case was hardly overwhelming. Houston's twelve-year-old daughter, then living with his ex-wife, has charged that he raped her by deviate sexual activity during two overnight visits to his home. Houston has de-

nied the charges, a medical examination has failed to support the second charge, and two family members present at the second occasion have corroborated Houston's denial. (Indeed, one of those witnesses will eventually testify at trial that the daughter had falsely accused another family member of deviate sexual activity on another occasion.) In other words, the case would become a credibility contest between Houston and his daughter.

Under these circumstances, the agreement Houston alleges might well have had great appeal to Houston and both attorneys. If such an oral agreement was reached, then why did Houston's allegedly inexperienced attorneys fail to get it in writing—was it because of some clever stratagem, or because they had not done their homework and did not know that their oral agreement was completely unenforceable? If they acted out of ignorance of Arkansas law, their failure to reduce their oral agreement to writing (or otherwise to preserve it on the record) can clearly constitute "actual ineffectiveness" under *Strickland. See Betancourt v. Willis*, 814 F.2d 1546 (11th Cir.1987).

The majority summarily rejects this ineffective assistance claim because the prosecutor had no obligation under state law to sign anything. In my view, this reasoning ignores the strong likelihood that, if Houston's attorneys had pressed the point *before* he took the polygraph test, the prosecutor would have signed the agreement and the test results would then have been admissible at trial.

In the first place, it is fair to assume that the prosecutor would have reduced his oral agreement to writing because he *wanted* to obtain admissible polygraph evidence from the defendant in a rape trial. Second, even if the prosecutor saw no tactical advantage in making the test results admissible, I am troubled by the majority's willingness to assume that he would have refused to put his oral agreement in writing simply because Arkansas law might have let him get away with that unprofessional maneuver.[1] Finally, if the oral agreement was reached in the presence of the trial judge, as Houston alleges, it is reasonable to assume that the court might have intervened had the prosecutor resisted an effort by defense counsel to get the agreement in writing.

Thus, I conclude that Houston deserves a hearing under the actual ineffectiveness prong of *Strickland.* Of course, to prevail under *Strickland,* Houston must also establish prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. Here, the Arkansas Supreme Court, the district court, and the majority all deny that the trial might well have gone differently had the favorable polygraph results been admitted. I disagree. After reviewing the trial transcript, I am persuaded that the Seventh Circuit's resolution of a similar issue in *McMorris v. Israel,* 643 F.2d 458, 461 (1981), *cert. denied,* 455 U.S. 967, 102 S.Ct. 1479, 71 L.Ed.2d 684 (1982), should apply in this case:

> The entire prosecution case rested on the testimony of the victim.... The defendant took the stand and denied any involvement in the crime. His credibility was the primary issue before the jury, and the jury's verdict reflects its decision not to credit his testimony. Under these circumstances, a polygraph examination that bolstered the defendant's credibility might easily have been decisive in securing an acquittal.

Indeed, the no-prejudice conclusion in this case is particularly ironic because the likelihood that juries will give *too much* weight to polygraph evidence is one reason why it is normally inadmissible in Arkansas. *See State v. Bullock,* 262 Ark. 394, 557 S.W.2d 193, 194 (1977).

For the above reasons, I would remand this case for an evidentiary hearing. At

**1.** For example, the Seventh Circuit's new Standards for Professional Conduct include among the Lawyers' Duties to Other Counsel:

6. We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

oral argument, counsel for the State asserted that trial counsel deny the existence of the alleged oral agreement. If true, that of course would end this case. But if there was an oral agreement, and if Houston's trial attorneys had no good reason for not reducing it to writing, with the result that favorable polygraph results were rendered inadmissible at trial, then I cannot agree with the majority's conclusion that Houston still fails to warrant relief under *Strickland.*

## ORDER

April 29 1992.

The suggestion for rehearing en banc is granted. The panel opinion and the judgment of this Court previously entered are vacated. This case is set for argument before the Court en banc in St. Paul, Minnesota, on Tuesday, July 21, 1992. The parties may, but are not required to, file supplemental briefs. If such briefs are filed, they are to be simultaneously, and must be filed with the Clerk of this Court on or before Wednesday, July 1, 1992.