Cite as 2016 Ark. 181

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-195

| | |
|---|---|
| TIANDRE CARDENAS-HALIBURTON **PETITIONER** | **Opinion Delivered** April 21, 2016 |
| V. | PRO SE MOTION FOR BELATED APPEAL OF JUDGMENT |
| STATE OF ARKANSAS **RESPONDENT** | [PULASKI COUNTY CIRCUIT COURT, 60CR-13-3964] |
| | MOTION DISMISSED. |

**PER CURIAM**

On September 17, 2014, judgment was entered in the Pulaski County Circuit Court reflecting that petitioner Tiandre Cardenas-Haliburton had entered pleas of guilty to two counts of second-degree sexual assault. An aggregate sentence of 360 months' imprisonment was imposed.

On March 3, 2016, Cardenas-Haliburton filed a motion in this court to proceed with a belated appeal of the judgment of conviction. In the motion, Cardenas-Haliburton incorrectly alleges that he was tried by a jury. He contends that he is entitled to a belated appeal because he was not afforded effective assistance of counsel in the trial court.

The motion is dismissed. Arkansas Rule of Appellate Procedure–Criminal 1(a) (2015) provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3 (2015). *See Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004). Two additional exceptions to the general rule, as set

SLIP OPINION

out in *Seibs* and *Johnson v. State*, 2010 Ark. 63, are (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *See Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. *Nelson v. State*, 2012 Ark. 217 (per curiam); *Smith v. State*, 2011 Ark. 54 (per curiam); *Grissom v. State*, 2009 Ark. 328 (per curiam). We have held, however, that an appeal may be taken after a guilty plea when the petitioner alleges evidentiary errors which arose after the plea and during the sentencing phase, regardless of whether a jury was impaneled for that phase of trial. *See Tubbs v. State*, 2011 Ark. 166 (per curiam); *see also Johnson*, 2010 Ark. 63. Cardenas-Haliburton does not contend that his plea was conditional or that it otherwise met any of the exceptions that would allow for an appeal from the judgment.

With respect to Cardenas-Haliburton's contention that he was denied effective assistance of counsel, such claims are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015). A motion for belated appeal is not a substitute for proceeding under the Rule. *See Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46; *see also Carrier v. State*, 278 Ark. 542, 647 S.W.2d 449 (1983) (per curiam).

Motion dismissed.