**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Kenneth GARRETT, Defendant-Appellant.**

**No. 76–1108.**

United States Court of Appeals,
Sixth Circuit.

Argued June 17, 1976.

Decided Sept. 29, 1976.

Richard M. Lustig, Lustig & Friedman, P. C., Michael S. Friedman, Southfield, Mich., for defendant-appellant.

Philip Van Dam, U. S. Atty., Detroit, Mich., Michael J. Keane, Washington, D. C., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges, and LAMBROS,* District Judge.

LIVELY, Circuit Judge.

The question in this case is whether the district court abused its discretion restricting cross-examination of a prosecution witness by a defendant in a criminal case. Garrett was convicted on one count of distributing heroin and one of distributing cocaine. The chief witness against him was Roger Lehman, a Detroit Police Officer with nearly five years experience. Lehman testified that he made arrangements with Garrett to purchase heroin on October 28, 1974 and cocaine on November 6, 1974 and that the drugs were delivered on each occasion by persons associated with Garrett. Shortly before the trial began Garrett's attorney learned that Officer Lehman had been suspended from duty as a police officer for refusal to take a urine test to determine whether he had used hard drugs.

Defense counsel made a motion for production of the disciplinary proceedings involving Lehman's suspension and requested that counsel be permitted to examine the record of the proceedings or, alternatively, that the trial judge examine the record of proceedings *in camera* to determine whether they contained information which should be made available to the defense for the purpose of cross-examining Lehman. This motion was overruled and the district court ordered that defense counsel be permitted to bring out the fact that Lehman had been suspended and the length of the suspension, but that no questions would be permitted concerning "the underlying facts." During Lehman's testimony he stated that he had simulated sniffing cocaine and smoking one marijuana cigarette during the discussions with Garrett and his associates. Garrett then renewed his motion to be permitted to examine or have the court examine the disciplinary record of Lehman, claiming that the government had "opened the door" by the testimony about simulating the use of drugs.

The district court denied the motion, but permitted the defense to make a separate record on the witness' use of drugs. During this examination of Lehman by defense counsel out of the presence of the jury Lehman testified that he was suspended for failing to take the urine test after he was suspected of using hard drugs. He stated that he had given a written statement to his supervisors and that there had been an investigation by authorities of the Detroit Police Department. The court ruled that the defense would be permitted to ask Lehman about his use of drugs, but not about the disciplinary charges. At this point defense counsel contended that a full record could not be made without production of the police department disciplinary proceedings and that he was being denied his Sixth Amendment right of confrontation in not being able to establish possible motive, interest, bias or lack of credibility. In again denying the defense motion the district

---

* The Honorable Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

court ruled that in this case "information about the punishment and the charges are not relevant."

It was then indicated that the witness might refuse to answer on Fifth Amendment grounds the questions which the defense proposed to ask concerning his use of drugs. A further hearing was held out of the presence of the jury at which Lehman had counsel present and at which he refused to answer specific questions concerning whether he had taken drugs on the day he refused to have the urine test and whether he had used any controlled substances in October or November 1974. He did testify that he had been convicted of possession of marijuana, a misdemeanor. The district court then directed that no questions on which the witness had taken the Fifth Amendment in the special hearing should be asked by the defense in the presence of the jury.

After the defense had called the drug enforcement officer in charge of the case and had obtained his testimony that he knew of Lehman's alleged involvement with drugs as early as January 1974 and had told the prosecutor in the present case but made no personal investigation, the defense made a motion for a mistrial and that the court strike the entire testimony of the witness Lehman. The prosecuting attorney argued that it would have been a violation of the witness' rights for him to have interrogated the witness separately while he was involved in disciplinary proceedings with the Detroit Police Department, and counsel for the defense argued that the government should not be able to prosecute with a witness who appears to be something that he is not. The district court denied the motion for a mistrial and the motion to strike the testimony of Lehman and ruled that Lehman could be impeached by showing that he was suspended and the length of the suspension, and that he might be questioned about involvement in the use or sale of drugs on the dates of the alleged transactions involving Garrett, October 28th and November 6th, but no further.

The trial resumed with Lehman submitting to cross-examination in the presence of the jury. He testified that he was under suspension at the time of the trial and denied that he had used narcotics or dealt in them on October 28th or November 6th or that he had ever given narcotics to the informant who had set up his meeting with Garrett. The informant, Ronald Trosper, then testified that he had a previous felony conviction for breaking and entering and that he had previously been addicted to heroin and had sold it to support his habit. Trosper testified that he was present when Lehman arranged to buy heroin from Garrett on October 28th, and verified many of the details of Lehman's testimony.

It is well settled that the extent to which a witness may be cross-examined is a matter to be determined by the trial court in exercise of its sound discretion. *Alford v. United States*, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *United States v. Baker*, 494 F.2d 1262, 1266 (6th Cir. 1974). However, a limitation on cross-examination which prevents a person charged with a crime from placing before the jury facts from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes denial of the right of confrontation guaranteed by the Sixth Amendment. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Alford v. United States, supra.*

The government argues that there was no denial of the right of confrontation since the district court did permit extensive cross-examination of Lehman concerning the transactions with Garrett and did permit the defense to bring out the fact that Lehman was under suspension. It is argued that the district court permitted enough testimony on the suspension of Lehman to permit the defendant to argue bias based on the hope that Lehman's suspension would be lifted if he cooperated in this case. It is contended that any testimony about possible use of narcotics by Lehman at times other than October 28th and Novem-

ber 6th would be "collateral" to the issues in this case and not properly the subject of cross-examination.

■ The government relies on *United States v. Norman*, 402 F.2d 73 (9th Cir. 1968), *cert. denied*, 397 U.S. 938, 90 S.Ct. 949, 25 L.Ed.2d 119 (1970), where the court held that questions concerning other purchases of narcotics by an employee of the government were "collateral" if the purpose was to undermine credibility of the witness, since two past convictions and one pending drug charge had been disclosed. The court found that the witness had been subjected to extensive and able cross-examination "as to all matters which could have helped defendant . . . ." *Id.* at 77. The government also relies on *United States v. Cardillo*, 316 F.2d 606 (2d Cir.), *cert. denied*, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963), for the proposition that it is not error to deny cross-examination on collateral matters bearing only on the credibility of the witness and not concerned with those matters about which the witness has testified on direct examination. Reliance on these two cases is misplaced if the object of the proposed cross-examination of Lehman was to question more than his general credibility. As the court pointed out in *Cardillo*, there is a difference between general credibility and answers which might possibly establish untruthfulness with respect to the specific events of the crime charged. 316 F.2d at 613.

■ We believe that the trial judge was too restrictive in his limitation of cross-examination in the present case. The testimony of Lehman was crucial to the government's case. The jury was entitled to know that the witness who had accused Garrett of arranging the sale of heroin had been suspended because he was suspected of using hard drugs himself and had refused to submit to a urine test. Furthermore, there is no way to determine whether other facts might have been disclosed by an examination of Lehman's disciplinary proceedings which would be the possible basis for reasonable inferences of bias or an interest in the outcome of the Garrett prosecution.

Lehman might well have looked upon a successful prosecution of Garrett as a means of having his suspension lifted and being returned to full duty as a police officer. In order to preserve the confidentiality of any matter in the disciplinary proceedings which would not be relevant to the inquiries of this case, the trial court could have examined those proceedings *in camera* as requested by the defendant. This procedure has recently been approved by the Supreme Court where discovery was sought of files which were claimed to be irrelevant, confidential and privileged. *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

In *Spaeth v. United States*, 232 F.2d 776 (6th Cir. 1956), this court held that when there is a possibility of bias, extensive cross-examination should be permitted, stating:

In our judgment, cross-examination is generally an even more effective factor in revealing truth than is the oath of a witness. While the slogan that cross-examination should be limited to the subject matter brought out by direct-examination may be accepted as a generalization, cross-examination in the interest of substantial justice seeking to elicit relevant truths should not be narrowly curtailed. *Id.* at 779.

We do not believe under the facts of this case that the only relevant information concerning possible use of drugs by the witness Lehman and the relationship between possible use of drugs and his suspension from the police force consisted of asking whether he had used or distributed drugs on the two dates on which Garrett was charged with illegal narcotic transactions. So far as the jury knew, Lehman's suspension was in no way related to narcotics. It is impossible to know how it might have affected the jury's treatment of Lehman's testimony if this fact had been known.

In *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court discussed the familiar strategy of a general attack on the credibility of a witness by evidence of prior criminal convictions and then stated:

A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. *Id.* at 316, 94 S.Ct. at 1110. The Court held that cross-examination which is permitted only to go into whether or not a witness is biased without developing why such bias might exist is not sufficient. In holding that the prosecution witness could be asked on cross-examination about being under probation orders of a juvenile court as a delinquent, the Supreme Court held that the right of confrontation of the defendant should prevail over a policy of the State of Alaska of protecting the reputation of a juvenile offender. The Court held that cross-examination should be permitted "to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *Id.* at 318, 94 S.Ct. at 1111. *See also Hutchings v. State*, 518 P.2d 767 (Alaska 1974).

We conclude that in the present case the defendant should not have been limited to bringing out the fact that the witness Lehman was suspended and the length of the suspension, but should have been permitted to develop fully the fact that Lehman's suspension was related to the question of whether he had used hard drugs. In developing this issue the defendant should have had the opportunity to inspect the record of disciplinary proceedings against Lehman or at least to have those proceedings examined by the court to determine the possible relevancy of any information contained therein. The defense in this case was not attempting to impeach the testimony of Lehman by a general attack on his credibility, but this was an example of a more particular attack relating to issues and personalities in the case at hand as described in *Davis v. Alaska, supra.*

We appreciate the fact that the trial judge was concerned to prevent this case from becoming a trial of Officer Lehman instead of the trial of the defendant Garrett. Nevertheless, when the government undertakes a prosecution in which it relies primarily on the evidence of a witness who is vulnerable to claims of bias, interest or lack of credibility, the prosecution rather than the defendant must bear the onus of this circumstance.

The judgment of the district court is reversed, and the cause is remanded for a new trial.