Robert FLOWERS, Petitioner-Appellee,

v.

STATE OF OHIO, Respondent-Appellant.

No. 76–2170.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1977.

Decided Nov. 8, 1977.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant.

Robert Flowers, pro se.

James P. Luton (Court appointed—CJA) Columbus, Ohio, for petitioner-appellee.

Before WEICK, EDWARDS and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The State of Ohio appeals from the district court's granting of a petition for a writ of habeas corpus under the provisions of 28 U.S.C. § 2241(c)(3). Petitioner-appellee was jury convicted in state court of robbery and sentenced to one to fifteen years imprisonment. The Court of Appeals for Franklin County, Ohio, affirmed the conviction and the Supreme Court of Ohio dismissed a subsequent appeal for want of a substantial constitutional question.

The petition for habeas corpus raised four grounds: failure of the trial court to suppress in-court identifications; refusal by the trial court to allow defense counsel to question a witness; restriction of cross-examination; and denial of a speedy trial. The district court found that appellee had failed to exhaust available state court remedies as to the speedy trial issue. The court further held that the state trial court had deprived appellee of his right of confrontation by refusing to allow defense counsel to cross-examine witnesses about out-of-court identifications which the court had excluded from evidence as having resulted from impermissibly suggestive procedures.

The district court adopted the facts as set forth in the decision of the Court of Appeals for Franklin County, Ohio. It was thus established that on November 20, 1973, two men robbed a grocery store in Columbus, Ohio. During the course of the robbery a scuffle ensued and one of the robbers was held by employees for the police, while the other escaped. Four store employees, eyewitnesses to the occurrence, went to the police station the day after the robbery, but were unable to positively pick out petitioner's picture (although two of them, seated together, said petitioner's picture looked the most like the escaped robber). A few days later these same four employees were brought to a municipal courtroom where they were told that somebody would come into the courtroom to be arraigned on an unrelated charge, whom the authorities suspected of being the other robber. All these witnesses were familiar with the name "Flowers" because petitioner's brother, Willie Flowers, was the person detained in the store during the robbery. When the bailiff called out the name "Flowers," the petitioner and another man, who looked nothing like petitioner, were brought in and all the employees, seated together in the jury box, identified petitioner as the escaped robber.

During the trial the court granted petitioner's motion to suppress the pretrial identifications as unduly suggestive, but allowed in-court identifications of the petitioner by the same witnesses. Petitioner's attorney attempted to cross-examine these eyewitnesses about their out-of-court identifications, but the trial court judge, having excluded those identifications from the prosecution's case-in-chief, refused to allow such cross-examination. The theory of the defense at trial was that the eyewitnesses had confused the defendant with his lookalike brother Dale, who was, the defense argued, the person who escaped during the robbery. The petitioner successfully argued before the district court that he should have been permitted to impeach the witnesses' in-court identifications by eliciting on cross-examination that they had previously been unable to identify his photo-

graph and had only identified him under suggestive circumstances.

The state contends on appeal that the witnesses were fully examined on their opportunity for viewing appellee at the scene of the robbery and this was the only testimony relevant to the in-court identifications. The state also contends there was no constitutional error, but simply the trial court's proper exercise of its discretion, or if any error, it was harmless. We cannot agree with these contentions.

The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." This fundamental right of confrontation is secured for those defendants tried in state as well as federal criminal proceedings. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). And the Supreme Court has held that "a primary interest secured by [the confrontation clause] is the right of cross-examination." *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965). Indeed, the right of cross-examination is part and parcel of confrontation, and the latter is meaningless without the former.

In *Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), the Court reiterated much of the above and stated:

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i. e., discredit, the witness."

In *Davis,* the state trial court refused to allow the defense to impeach the credibility of a prosecution witness by cross-examination directed at possible bias deriving from the witness' probationary status as a juvenile delinquent, on the grounds that such an impeachment would conflict with the state's asserted interest in preserving the confidentiality of juvenile delinquency adjudications. The Supreme Court concluded that "the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [the witness'] testimony, which provided 'a crucial link in the proof . . . of petitioner's act.'" *Davis v. Alaska, supra,* at 317, 94 S.Ct. at 1111. On that basis the Court held petitioner was denied the right of effective cross-examination which " 'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" *Davis v. Alaska, supra,* 415 U.S. at 318, 94 S.Ct. at 1111.

Following *Davis,* this court has held that "a limitation on cross-examination which prevents a person charged with a crime from placing before the jury facts from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes denial of the right of confrontation guaranteed by the Sixth Amendment." *United States v. Garrett,* 542 F.2d 23, 25 (6th Cir. 1976); *see also, United States v. Callahan,* 551 F.2d 733 (6th Cir. 1977); *United States v. LaRiche,* 549 F.2d 1088 (6th Cir.), *cert. denied,* 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

The eyewitness testimony in the instant case was crucial to the state's case and cross-examination designed to challenge the credibility of those identifications was certainly relevant. The state's asserted interest in the finality of suppressions, similar to the state's interest in *Davis,* must fall before defendant's fundamental right of confrontation. The jury in this case was "entitled to have the benefit of the defense theory before them so that they could make an informed judgment" as to the credibility of the in-court identifications of the court witnesses. That being so, the judgment of the district court is affirmed.