**William H. CARLOS, Appellee,**

v.

**Donald W. WYRICK, Warden, Appellant.**

**No. 84–1590.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1984.

Decided Jan. 31, 1985.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

John T. Maughmer, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., for appellee.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

BRIGHT, Circuit Judge.

William H. Carlos, a Missouri state prisoner, brought this habeas corpus action seeking relief from his 1974 conviction for first degree murder. The federal district court[1] granted relief against Donald W. Wyrick, Warden of the Missouri State Penitentiary. We affirm.

The issue on appeal concerns the trial court's admission of the testimony of prosecution witness, Patrick McGuire. McGuire admitted the murder of the victim, Dr. Lynn Weller. McGuire accepted a plea bargain which reduced the charge against him from first degree murder to second degree murder, with a recommended sentence of twenty-five years to run concurrently with another twenty-five year sentence he received on an unrelated burglary charge. In exchange for the reduced charge, McGuire agreed to testify that he was hired by Carlos to murder Weller. As an additional part of the bargain, the state prosecutor agreed that McGuire would not be forced to reveal the identity of his companion on the night of the murder.

At trial, McGuire refused to identify his companion or to relate how he contacted his companion prior to the murder. Although the trial court held McGuire in contempt, he persisted in his refusal to answer these questions. Claiming a violation of defendant's constitutional right to confront the witness against him by adequate cross-examination, Carlos' counsel sought a mistrial, and, alternatively, a continuance. The trial court denied these motions, and the trial proceeded to a conviction of Carlos on the murder charge.

On direct appeal, the Missouri Court of Appeals reversed the conviction, holding that Carlos had been deprived of his right to confront the witness, McGuire. *State v. Carlos*, Case No. 27596 (Mo.App. Dec. 8, 1979). On transfer, the Missouri Supreme

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Court affirmed the conviction. *State v. Carlos,* 549 S.W.2d 330 (Mo.1977) (en banc). Thereafter, Carlos brought his successful habeas proceeding in federal court.

In this appeal, the state argues that the district court erred in concluding Carlos' sixth amendment right to confront the witness was violated by McGuire's refusal to answer questions on cross-examination. The state contends that the trial court properly admitted all of McGuire's testimony.

The state submits that because McGuire admitted murdering Weller, the only issue in dispute was whether Carlos hired him to do so. Carlos was not restricted in his cross-examination of McGuire on this key issue. The state asserts that McGuire's unanswered questions related only to collateral matters and therefore McGuire's testimony was not required to be stricken.

Moreover, the state argues that McGuire's failure to answer certain questions concerning his companion resulted in harmless error. The state asserts that McGuire's companion was George Peters, who was a fugitive at the time of Carlos' trial and whose name had been furnished to counsel for Carlos. The reliability of that identification has been demonstrated by Peters' subsequent capture and plea to second degree murder for the killing of Weller. In sum, the state contends that the truthful answer to the unanswered questions could in no way have affected Carlos' defense.

Carlos asserts that the trial court erred in not striking McGuire's testimony because the refusal to answer pertained to matters directly related to McGuire's direct testimony. The testimony withheld related to the events of the night of the murder and could not be deemed collateral. Further, the identity of McGuire's companion was crucial to Carlos' defense theory that McGuire and his companion intended only to rob Weller. Finally, Carlos contends that the truthfulness of McGuire's testimony was crucial to the case because it was obtained through a plea bargain and because it conflicted with the testimony of the only other witness present at the scene of the murder.

We have carefully reviewed the record. The issue is a close one and is governed by principles set forth in *United States v. Cardillo,* 316 F.2d 606 (2d Cir.), *cert. denied,* 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963). Upon our review, we are satisfied that the district court properly applied the *Cardillo* test to the circumstances of this case. The district court summarized its conclusions as follows:

> In the instant case, the state was required to prove that Carlos hired McGuire to kill Weller, and that McGuire actually killed Weller pursuant to that plan. The state has made no suggestion that Carlos was a participant in the actual killing of Weller or that Carlos was at or near Weller's house at the time of the murder. Similarly, there is no suggestion that McGuire's unidentified companion met with Carlos or was in any way involved in the alleged conspiracy between Carlos and McGuire. The evidence involved in establishing the two phases of the state's case was distinct with respect to the time the two incidents took place, the location of the separate acts, and the individuals involved in each incident.
>
> There is no question that McGuire's refusal to identify his accomplice denied Carlos his right to cross-examine McGuire regarding the phase of the trial concerning the actual killing of Weller. Similarly, McGuire's refusal to explain how he contacted the accomplice with respect to the killing denied Carlos the opportunity to cross-examine McGuire as to McGuire's motives at the time of the murder. Accordingly, the Court concludes that McGuire's refusal to answer questions bearing directly on the circumstances surrounding the murder deprived Carlos of his right of confrontation as to that phase of the case, and McGuire's testimony concerning the events arising at the time and place of the killing should have been stricken.

*Carlos v. Wyrick,* 589 F.Supp. 974, 984–85 (W.D.Mo.1984).

The district court has written a full opinion supporting the order granting habeas relief. We adopt the reasoning of the district court in resolving this appeal.

Affirmed.