**UNITED STATES of America ex rel. Joe L. ASHFORD, Petitioner–Appellant,**

v.

**DIRECTOR, ILLINOIS DEPARTMENT OF CORRECTIONS, Respondent–Appellee.**

No. 88–1558.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1988.

Decided April 3, 1989.

681

Bruce Eli Mosbacher, State Appellate Defender, Chicago, Ill., for petitioner-appellant.

Arleen C. Anderson, Atty. Gen. Office, Chicago, Ill., for respondent-appellee.

Before WOOD, Jr., COFFEY and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Petitioner Joe L. Ashford appeals the district court's denial of his petition for a writ of habeas corpus. Ashford was con-

victed in an Illinois state bench trial of armed robbery, residential burglary, and home invasion in violation of Ill.Rev.Stat. ch. 38, §§ 18–2, 19–3, and 12–11. He was sentenced to serve three concurrent seven-year terms of imprisonment. On direct appeal, the Appellate Court of Illinois affirmed the convictions and the sentences in an unpublished opinion. The Supreme Court of Illinois denied review. Ashford then filed a petition for writ of habeas corpus. 28 U.S.C. § 2254. The district court denied the petition, 685 F.Supp. 659, and Ashford appeals.

Ashford argues that (1) he was denied his sixth amendment right to confrontation when the trial court allowed a prosecution witness to invoke the fifth amendment and limited cross-examination directed at establishing both the presence of drugs in the witness' home and prior drug-related offenses; (2) he was denied his sixth amendment right to confrontation when the trial court limited cross-examination of the same witness regarding the disposition of charges pending against the witness; and (3) he was denied his right to present a defense when he was not allowed to call the prosecuting attorney as a witness for the defense. We affirm.

## I. FACTUAL BACKGROUND

We summarize the facts from the unpublished state court opinion. The parties do not dispute the state court findings of fact and we presume their correctness. 28 U.S. C. § 2254(d).

Ashford was tried jointly with Lamont Harris. Another alleged perpetrator, Eddie Williams, entered a pre-trial agreement with the State. Ashford's theory of defense was that he was the victim of a busted drug deal rather than the perpetrator of a crime.

At trial, the State's primary witness was Juan Irizarry, the alleged victim of the crime. Irizarry testified that around 12:45 p.m. on October 24, 1982, he heard a knock at his apartment door. He opened the door and was confronted by Harris, who was armed with a revolver, and Williams, who was armed with a sawed-off shotgun.

Ashford stood behind them. Williams took a gold chain from around Irizarry's neck and a gold ring from his finger. Irizarry did not call the police to report this incident.

A police officer testified that codefendant Harris first brought the incident to the attention of the police. He testified that Harris called and asked him if he wanted to make a big bust. Harris then accompanied the police officer to Irizarry's apartment. The police officer heard Irizarry's version of the incident and arrested Harris. At the police station that evening, Irizarry identified Ashford as one of his assailants.

Defense counsel sought to call the prosecuting attorney as a witness, claiming she would testify that Irizarry had told her that he did not report the incident because he had drugs in his apartment and did not want the police present. The trial court refused.

Ashford attempted to establish that the entire incident was a busted drug deal. Irizarry admitted that he had been convicted of selling controlled substances in 1976 and that, at the time of trial, two felony drug charges were pending against him. On cross-examination, he testified that he did not expect any leniency from the State in return for his testimony against Ashford and Harris. Irizarry admitted to using drugs but said that he was not an addict. The trial court allowed Irizarry to invoke the fifth amendment in response to cross-examination about the presence of drugs in his apartment on October 24, 1982, and other drug deals. The trial court also limited defense questions regarding discussions between Irizarry's attorney and the prosecution over the disposition of the charges pending against Irizarry.

Although the trial court excluded some testimony, Ashford managed to introduce other testimony that impeached Irizarry's credibility. After Irizarry testified that he heard a knock at the door, asked who it was and then opened his apartment door, and was confronted by three men, the defense introduced Irizarry's own contradictory testimony from an earlier hearing.

He had then stated that his companion asked who was at the door and that four men were involved. After Irizarry testified that he had not threatened a police officer's family, the defense called a police officer who testified that Irizarry had threatened his family.

## II. DISCUSSION

### A. Right to Confrontation

We treat Ashford's confrontation claims together. At the outset, we note that when a petitioner alleges that he was denied his sixth amendment right to confrontation, we face a mixed question of law and fact and review the matter independently. *Burns v. Clusen*, 798 F.2d 931, 941 (7th Cir.1986). The sixth and fourteenth amendments grant a criminal defendant in state court the right "to be confronted with the witnesses against him." This grant creates a right to literal confrontation and a right to effective cross-examination. *See Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1973). The Supreme Court has, however, qualified the right to effective cross-examination: "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed. 2d 674 (1986). This court has stated that "when reviewing the adequacy of a cross-examination, the question is whether the jury had sufficient information to make a discriminating appraisal of the witness's motives and bias." *United States v. DeGudino*, 722 F.2d 1351, 1354 (7th Cir.1983).

The courts have refined this analysis further by classifying the excluded testimony as evidence that is direct or collateral. *See, e.g., Davis v. Alaska*, 415 U.S. at 316, 94 S.Ct. at 1110; *United States v. Cardillo*, 316 F.2d 606, 611 (2d Cir.), *cert. denied*, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963). *See also United States v. Zapata*, 871 F.2d 616, 624 (7th Cir.1989). Collateral matters are subjects not raised during direct examination and normally relate to the general credibility of the witness. *Cardillo*, 316 F.2d at 611. The trial court has great latitude to exclude collateral information because the witness' general credibility may normally be attacked with other information. *Id.* The court has less discretion to exclude testimony on direct matters because of the substantial danger of prejudice to the defense if it is denied the opportunity to test the truth of direct testimony. *Id.* When applying this classification to credibility evidence, we have equated direct matters to evidence of particular bias and collateral matters to evidence of general credibility. *See United States v. DeGudino*, 722 F.2d at 1354–55. We will employ the distinction between particular bias and general credibility.

The Supreme Court has addressed the distinction between bias and general credibility:

> The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack of the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970).

*Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).

Ashford claims that the trial court erred by limiting cross-examination aimed at establishing the presence of drugs in Irizarry's home on the date of the alleged robbery, Irizarry's prior drug-related offenses, and the disposition of charges pending against Irizarry. During the state trial, Ashford's counsel argued that this evidence would impeach Irizarry's general credibility and show bias. Ashford argues that testimony regarding the presence of

drugs in Irizarry's apartment on the date of the alleged robbery would support the defense theory that the incident was "a busted drug deal which provided the motive and bias for Irizarry to falsely accuse appellant of being a participant in criminal offenses." Ashford's secondary purpose was to use the presence of drugs to attack Irizarry's general credibility. Ashford argues unconvincingly that the excluded testimony of other bad acts, which attacked Irizarry's general credibility only, was not collateral as the district court found. Finally, Ashford argues that if he had been able to establish that there were ongoing negotiations between Irizarry and the prosecution regarding disposition of Irizarry's pending charges, the defense would have been in a better position to argue that Irizarry was lying in order to secure more lenient treatment from the government.

The appellate court found that the exclusion of all of this testimony was harmless beyond a reasonable doubt. The district court found that the testimony regarding Irizarry's prior bad acts was collateral and properly excluded. In regard to testimony about the presence of drugs in Irizarry's apartment, the district court did not make a finding of error. Rather, the district court found that this testimony related to a direct matter, assumed error, and found that the assumed error was harmless beyond a reasonable doubt. As to testimony regarding Irizarry's pending charges, the district court found that the charges were adequately established but that Ashford had never alleged that there was a deal between Irizarry and the prosecution. Ashford did not request an evidentiary hearing on this issue. Because the charges were established and there was no deal, the district court found that it was not error to exclude testimony regarding alleged ongoing negotiations. It then assumed error and found that it was harmless beyond a reasonable doubt. We now analyze the three categories of excluded testimony, starting with the evidence of Irizarry's prior bad acts.

■ The excluded testimony regarding Irizarry's prior bad acts went to his general credibility and was cumulative. Irizarry had already admitted to a 1976 conviction for sale of a controlled substance and had admitted to using marijuana and cocaine, as often as weekly, within the two years preceding trial. The record contains ample evidence attacking Irizarry's general credibility. The trial judge exercised her discretion properly when she excluded this testimony. *See United States v. Cameron,* 814 F.2d 403, 406 (7th Cir.1987); *United States ex rel. Blackwell v. Franzen,* 688 F.2d 496, 501 (7th Cir.1982), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1529, 75 L.Ed.2d 950 (1983).

■ On the other hand, the excluded testimony regarding the presence of drugs in Irizarry's apartment on the day of the alleged robbery went to the heart of Ashford's defense and could have established particular bias. Ashford claims that there was no robbery, just a busted drug deal. Although we are puzzled as to how Ashford could have been a victim, even under his own scheme of events, we agree with the district court that this testimony related to a direct matter. This court chooses to classify this testimony more discretely as evidence of particular bias. *See Davis v. Alaska,* 415 U.S. at 316, 94 S.Ct. at 1110; *United States v. DeGudino,* 722 F.2d at 1354–55. If the excluded testimony could have established the presence of drugs in the apartment, the defense could have argued that Irizarry had a particular bias or motive for lying about the alleged robbery at his apartment.

Having determined that the excluded testimony regarding the presence of drugs might have established bias, and recognizing that the trial judge has less discretion to exclude evidence of particular bias, we now decide whether the trial judge erred when she allowed Irizarry to invoke the fifth amendment when questioned about the presence of drugs. The district judge did not determine whether this was error. Instead, he assumed error and determined that it was harmless beyond a reasonable doubt. We reach the issue of error and find it significant that Irizarry answered some of the questions about the presence of drugs. Not all testimony regarding the

presence of drugs was excluded. *Cf. Olden v. Kentucky*, —— U.S. ——, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) (all evidence of rape victim's cohabitation with boyfriend excluded); *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (all evidence of witness' juvenile record and probationary status excluded); *Carlos v. Wyrick*, 753 F.2d 691 (8th Cir.1985) (all evidence of identity of witness' accomplice in murder-for-hire case excluded). Irizarry partially frustrated defense counsels' repeated attempts to elicit testimony regarding the presence of drugs by invoking the fifth amendment on numerous occasions. Irizarry did state, however, that no drugs were present in his apartment on the day of the alleged robbery. Irizarry's denial further distinguishes the present case from those cited by appellant. In those cases, cited above, the evidence excluded was undisputed fact. Here the allegations were disputed, albeit in a somewhat restricted fashion. The defense did elicit some of the information that they were trying to establish. "The question is whether the [trier of fact] had sufficient information to make a discriminating appraisal of the witness's motives and bias." *United States v. De-Gudino*, 722 F.2d 1351, 1354 (7th Cir.1983). We find that the information disclosed was sufficient for this purpose. Ashford has not shown that "he was *prohibited* from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." *Olden v. Kentucky*, —— U.S. at ——, 109 S.Ct. at 483 (emphasis added). The trial judge did not err when she allowed Irizarry to invoke the protection of the fifth amendment or when she refused to strike Irizarry's testimony.

█ Next, Ashford claims that the trial judge erred when she limited cross-examination of Irizarry regarding alleged ongoing negotiations between Irizarry, or his attorney, and the prosecution over the disposition of Irizarry's pending charges. Ashford argues that this testimony would have established bias and motive for Irizarry to lie in order to receive leniency from the government. We accept Ashford's premise that this testimony could have es-

tablished bias and the trial court, consequently, had limited discretion to exclude it. *See Davis v. Alaska*, 415 U.S. at 316, 94 S.Ct. at 1110. To determine whether it was error to exclude this testimony, we turn to the record of the state court proceeding.

Irizarry admitted that felony drug charges were pending against him and, when cross-examined, testified that he did not expect leniency from the State in return for his testimony against Ashford and Harris. Irizarry also denied that any negotiations were ongoing with the State regarding disposition of his pending charges. The district court found that Ashford had never alleged that there was any sort of "deal" between Irizarry and the State. Ashford did not request an evidentiary hearing on this issue. The charges were established and the defense had sufficient information from which they could argue for an inference of bias based on the established fact that the charges were pending at the time of trial.

We note that the trial court did not totally exclude testimony regarding the pending charges. *Cf. Olden v. Kentucky*, —— U.S. ——, 109 S.Ct. 480; *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347; *Carlos v. Wyrick*, 753 F.2d 691. Rather, the trial judge partially excluded this testimony. *Compare United States v. Fitzgerald*, 579 F.2d 1014 (7th Cir.), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 610, 611, 58 L.Ed.2d 677 (1978) *with United States v. Garrett*, 542 F.2d 23 (6th Cir.1976).

In *United States v. Garrett*, the prosecutor's principal witness was a police officer who had been suspended from the police force because he was suspected of using hard drugs and refused to take a urine test. 542 F.2d at 25. The trial judge allowed cross-examination of the suspension but not the underlying reasons for the suspension, i.e., the use of hard drugs and his refusal to take a urine test. *Id.* The appellate court held that the trial judge erred in so limiting cross-examination because it was a drug case and the jury was unaware that the suspension was related to narcotics. 542 F.2d at 26. The court found that the excluded testimony regarding the po-

lice officer's personal use of drugs was extremely crucial to defendant's case because the defendant was accused of selling drugs to the suspended police officer. *Id.* The appellate court reversed the conviction. 542 F.2d at 27. The crucial difference between *Garrett* and the facts before us is that Ashford was not charged with a drug offense, he was charged with robbery. Consequently, the facts underlying Irizarry's pending drug charges are not as crucial to a demonstration of bias in relation to Ashford's robbery charge as the facts underlying the police officer's suspension for possible drug use were to Garrett's drug charge.

In *United States v. Fitzgerald,* we found that the trial judge did not err when he limited cross-examination regarding the possible penalties facing a government witness who had received immunity to testify. 579 F.2d at 1021. The jury was aware that the witness had been granted immunity. *Id.* We affirmed the conviction. 579 F.2d at 1022. We determined that "the jury had sufficient information to make a discriminating appraisal of the witness' motives and bias." 579 F.2d at 1021.

We apply the *Fitzgerald* test to the facts before us. *See United States v. DeGudino,* 722 F.2d 1351, 1354 (7th Cir.1983). We find that the trial judge, who was sitting as the trier of fact, had sufficient evidence before her to infer bias from the charges pending against Irizarry. She knew that Irizarry was facing charges and she knew that they were drug-related. We note that even though a plea was not involved in this case, defendants often argue that bias should be inferred from the existence of a plea. By the same token, "the existence of a plea agreement may support the witness' credibility by showing his or her interest in testifying truthfully." *United States v. Townsend,* 796 F.2d 158, 163 (6th Cir.1986) (quoted in *United States v. Mealy,* 851 F.2d 890, 899 (7th Cir.1988)). Thus, the existence of a plea can either weaken or support a witness' credibility. The existence of pending charges without a plea could also weaken or support a witness' credibility. After hearing the evidence in this case, the trial judge rejected an infer-

ence of bias and found Irizarry credible. While the defense is entitled to elicit testimony necessary to raise inferences of bias, the defense is not entitled to unqualified acceptance of all inferences they raise. *See Delaware v. Van Arsdall,* 475 U.S. at 679, 106 S.Ct. at 1435. We find that the trial judge had sufficient information to determine whether Irizarry was biased and that there was no error in excluding testimony of possible ongoing negotiations.

*B. Right to Present a Defense*

■ Ashford claims that the trial judge denied him the right to present a defense when she refused to allow him to call the prosecuting attorney as a witness. Ashford claims that the prosecutor would have contradicted Irizarry by testifying that Irizarry had admitted to her that he was a drug dealer and that he had not called the police because he had drugs in his apartment. The trial judge found that the prosecutor's testimony was unnecessary because of extensive prior testimony regarding the same subjects. The state appellate court found that the trial judge did not abuse her discretion because of the extensive cross-examination on the presence of drugs, Irizarry's status as a dealer, and other evidence that impeached Irizarry. The district court found no error, but then assumed error and found it harmless beyond a reasonable doubt.

The right to present a defense is based on a criminal defendant's right, under the sixth and fourteenth amendments, to compulsory process for obtaining witnesses. *See Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). To decide whether a constitutional violation has occurred, we must determine whether the testimonial evidence to be presented by the witness "was relevant, material, and vital to the defense, and whether the exclusion of that evidence was arbitrary." *Lange v. Young,* 869 F.2d 1008, 1011 (7th Cir.1989) (citing *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982); *Chambers v. Mississippi,* 410 U.S. 284, 302, 93

S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973)). We start with the offer of proof:

It is my belief that [the prosecuting attorney] would testify that [Irizarry] told her he was, in fact, a drug dealer. And, secondly, that the reason he did not call the police was because they—there were drugs in the apartment, and he didn't want the police there.

The defense wanted to call the prosecutor as a witness to impeach Irizarry. Had the prosecutor testified according to the proffer, her testimony would have contradicted some of Irizarry's testimony. As a consequence, the prosecutor's testimony would have been both relevant and material to the defense. We question, however, whether the prosecutor's testimony would have been vital to the defense. The testimony would not exculpate Ashford. In the cases Ashford cites to support his argument, the courts found the defendant's right to confrontation or to compulsory process violated when exculpatory testimony was excluded. *See Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed. 2d 297 (1973) (error to exclude hearsay testimony that contradicted witness' repudiation of confession to murder for which defendant was being tried); *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed. 2d 1019 (1967) (error to exclude exculpatory testimony of murder coparticipant based on State evidentiary rules); *United States ex rel. Enoch v. Hartigan*, 768 F.2d 161 (7th Cir.1985), *cert. denied*, 475 U.S. 1053, 106 S.Ct. 1281, 89 L.Ed.2d 588 (1986) (error to exclude defense witness who would have testified that alleged rape victim was prostitute); *McMorris v. Israel*, 643 F.2d 458 (7th Cir.1981), *cert. denied*, 455 U.S. 967, 102 S.Ct. 1479, 71 L.Ed.2d 684 (1982) (error to exclude exculpatory polygraph examination, which was admissible by written stipulation under State evidentiary rules, without reason). On the other hand, we found no error when the excluded testimony was not exculpatory. *See Sharlow v. Israel*, 767 F.2d 373 (7th Cir.1985), *cert. denied*, 475 U.S. 1022, 106 S.Ct. 1212, 89 L.Ed.2d 324 (1986). In *Sharlow v. Israel*, we found that a codefendant's testimony that he, rather than the defendant, had shot the murder victim was not vital to the defense because it did not exculpate the defendant. 767 F.2d at 378. The defendant was charged with murder under Wisconsin's party to a crime statute and could be found guilty without regard to which codefendant shot the victim. *Id.* In this case, even if the prosecutor had testified that Irizarry admitted he was a drug dealer and did not report the robbery because he had drugs in his apartment, Ashford could have been found guilty of robbery.

Irizarry's status as a drug dealer and the presence of drugs went only to Irizarry's credibility, which already had been attacked adequately. Evidence had been admitted regarding Irizarry's prior drug conviction and his pending drug charges. Irizarry's testimony had been impeached by the introduction of contradictory testimony he had given at an earlier hearing. Most importantly, the defense called the prosecuting attorney as an impeachment witness, not to offer direct testimony. The trial court properly ruled that the prosecutor could not impeach Irizarry regarding his status as a drug dealer because Irizarry had not testified on this matter. When questioned about being a drug dealer, Irizarry invoked the fifth amendment. As to Irizarry's alleged admission that he had not called the police to report the alleged robbery because there were drugs in his apartment, the trial court properly ruled that Irizarry had been cross-examined extensively regarding the presence of drugs. Irizarry had been questioned repeatedly concerning the presence of drugs as had his live-in companion when she testified. The trial judge exercised her discretion properly when she refused to allow the prosecuting attorney to be called as a defense witness.

Having resolved the issues raised by Ashford, we also find that Ashford's delayed request to call the prosecuting attorney as a witness was potentially prejudicial. It appears that the defense was aware from the outset of the trial of the information allegedly possessed by the prosecuting attorney. If that was the case, Ashford should have made the trial judge aware of his intent to call the prosecuting

attorney as a witness for the defense before the trial began.

### C. Harmless Error

■ We also agree with the district judge's finding that, if there were errors, they were harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). When evaluating confrontation clause errors using harmless error analysis, "[t]he correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986). The same analysis applies to violations of the right to compulsory process except we assume that the excluded testimony came in and then determine whether the error was harmless beyond a reasonable doubt. *See Lange v. Young,* 869 F.2d 1008 (7th Cir.1989).

If we assume that all of the excluded testimony came in, we could conclude that Irizarry, the State's principal witness, was a drug dealer, had drugs in his home when he was allegedly robbed, was negotiating the disposition of his own pending drug charges while testifying for the government, and lied on the stand. Such a conclusion impeaches Irizarry's general credibility and demonstrates particular bias and a motive to lie. Yet, the trial court already knew that Irizarry was a convicted drug dealer and that he was facing additional drug charges. Irizarry's trial testimony had already been contradicted by statements he made at an earlier hearing. The trial judge had reason to disbelieve Irizarry without the addition of the excluded testimony; she was in a much better position to assess the credibility of all witnesses and chose to believe Irizarry rather than Ashford. The additional testimony would not reasonably have changed her mind. We find support for our conclusion in the words of the trial judge:

> This trial has lasted almost a month. It's been heard from time to time. And during that month I have reviewed all of my notes concerning the testimony.
>
> One of the major theses which the defense has brought forward is that the defendant [sic]—victim is a drug dealer and had drugs in his apartment. And even accepting that thesis, though I don't even accept—even accepting that thesis though, I would say that I do not believe that it is critical at all to the decision of the Court in this case. But accepting that thesis, the Court still finds that the State has proved its case beyond a reasonable doubt and that both defendants are guilty of all the counts as charged in the Information. Accordingly, the Court finds them guilty.

Finally, with regard to Irizarry's incentive to lie as a result of the ongoing negotiations, we affirm the district court's finding that, except for minor discrepancies, Irizarry's testimony at the trial was substantially the same as the testimony he had given during a preliminary hearing on October 25, 1982, over two years before his arrest on the current drug charges. Even assuming errors as Ashford alleges, we find them harmless beyond a reasonable doubt.

### III. CONCLUSION

The trial court did not err when she allowed the principal government witness to invoke selectively the fifth amendment. Nor did she err by excluding the prosecuting attorney as a witness. Even if these exclusions had been error, they were harmless beyond a reasonable doubt. The judgment of the district court is AFFIRMED.