**Daniel J. SMITH, Petitioner–Appellant,**

v.

**Darrell A. KOLB, Respondent–Appellee.**

No. 90–1661.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 17, 1991.

Decided Dec. 6, 1991.

---

Donald T. Lang (argued), Office of the State Public Defender, Madison, Wis., for petitioner-appellant.

Donald J. Hanaway, Atty. Gen. and Sharon Ruhly, Asst. Atty. Gen. (argued), Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellee.

Before CUMMINGS, WOOD, Jr. and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Petitioner Daniel J. Smith appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Smith was convicted in Wisconsin state court of two counts of second-degree sexual assault in violation of Wisconsin Statutes Section 940.225(2)(e) and sentenced to terms of ten years each consecutive with each other. Smith alleges on appeal that he was denied due process and his right to present a defense as a result of the exclusion of Wisconsin Department of Natural Resources ("DNR") records that would establish he was not registered as a camper at the Ottawa Lake Campground and further that he received ineffective assistance of counsel. We affirm.

## I. FACTS

Smith was convicted of having sexual intercourse with a female under sixteen years of age on two separate occasions. Smith's convictions resulted from sexual attacks on a minor that occurred in July, 1985, at the Ottawa Lake Campground in Waukesha County, Wisconsin. At trial, the assault victim, complainant B.J.S., a minor, testified that she and her girlfriend, A.J.C., (a witness and also a minor), went for a ride on a Friday evening in July of 1985 with Smith (the specific date they were unable to recall). B.J.S. (minor assault victim) met Smith through A.J.C., who was introduced to Smith when he was incarcerated with a friend of A.J.C. The night of the crime the group including the two minors began consuming alcoholic beverages while driving around the Waukesha and Mukwonago areas in Waukesha County, and subsequently traveled to the Kettle Moraine State Forest where the drinking continued at a campsite. The assault victim, B.J.S., stated that she was not familiar with the area, while A.J.C. testified that she recognized the area as the Ottawa Lake Campground. When the petitioner-appellant Smith left to rent a camper, the girls continued their consumption of intoxicants. Smith returned and later drove A.J.C. to a phone booth in order that she might notify her parents of her whereabouts. A.J.C. testified that during the ride Smith asked her if she wished to have sex with him for money, and she declined. A.J.C. met several friends at the phone booth who gave her a ride home. Unsuccessful in his attempt to have sex with A.J.C., Smith returned alone to the campsite approximately one-half hour later. Smith and B.J.S. once again began to consume alcoholic beverages and later smoked

a marijuana cigarette. At approximately 12:00 a.m., it began to rain, and Smith and B.J.S. went inside the camper, where B.J.S. fell asleep. She testified that she later awoke to the touches of Smith, and testified that on two separate occasions was forced to engage in sexual intercourse with him. Afterwards, B.J.S. dressed and Smith took her home at approximately 4:00 a.m.

B.J.S. reported the incident to her social worker, Debbie Cornella, some two to three months later on October 11, 1985. At trial when the social worker testified that she believed B.J.S.'s account of the sexual assaults to be truthful the defense failed to object.

During the course of the trial the petitioner-appellant Smith attempted to introduce testimony of a Department of Natural Resources warden, Kenneth Anderson, who would have allegedly stated that no one by the name of Daniel J. Smith was registered at the Ottawa Lake Campground during the month of July 1985. (The state objected to Smith calling the DNR warden as a witness on the grounds that Smith failed to comply with Wisconsin Statutes Section 971.23, which requires that the party calling any witness after requesting the list of the state's witnesses must provide a list of his own witnesses to the prosecution, except those called for impeachment or rebuttal purposes.[1] The trial judge sustained the State's objection to an exception to the notice requirement of Section 971.23, stating that the evidence was more properly characterized as part of the defendant's case-in-chief, tending to show that he was not at the campground when the assault occurred. The jury found Smith guilty of two counts of second-degree sexual assault, and he was sentenced to consecutive ten-year terms of imprisonment.

Smith did not file a direct appeal but rather filed a motion for a new trial based on newly discovered evidence approximately one year after the trial. At the postconviction hearing, the petitioner called Zita Reed, the office supervisor of the DNR headquarters at the Kettle Moraine, Wisconsin State Forest, who was responsible for maintaining the records relating to the campgrounds in the Kettle Moraine facility. Reed presented records that reflected that a Daniel Smith was not registered as a camper at the Ottawa Lake Campground during the month of July of 1985. Over the petitioner's objection, the State introduced a receipt through Ms. Reed on cross-examination revealing that a Daniel Smith of North Prairie, Wisconsin (the petitioner's residence), was registered at the Pine Woods Campground, another campground in the Kettle Moraine State Forest, about three and one-half miles from the Ottawa Lake Campground, on Friday and Saturday night July 19 and 20, 1985. The campground receipt reflected that the camper vehicle Smith was driving was a Volkswagen. The victim testified at trial that she thought the assaults occurred on a Friday night in July of 1985 and that Smith was driving a blue Volkswagen. The DNR witness also testified that the Ottawa Lake Campground is accessible by vehicle from the nearby Pine Woods Campground. The court denied Smith's motion for a new trial, the Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied Smith's petition for review. Smith's subsequent petition for a writ of habeas corpus in the district court was denied. Smith appeals.

## II. ISSUES FOR REVIEW

Smith raises the following arguments in support of his petition: (1) he was denied

---

1. The applicable provision, Wisconsin Statutes Section 971.23(3)(a), provides as follows:
   **"971.23  Discovery and Inspection**
   (3) LIST OF WITNESSES. (a) A defendant may, not less than 15 days nor more than 30 days before trial, serve upon the district attorney an offer in writing to furnish the state a list of all witnesses the defendant intends to call at the trial, whereupon within 5 days after the receipt of such offer, the district

attorney shall furnish the defendant a list of all witnesses and their addresses whom he intends to call at the trial. Within 5 days after the district attorney furnishes such a list, the defendant shall furnish the district attorney a list of all witnesses and their addresses whom the defendant intends to call at the trial. This section shall not apply to rebuttal witnesses or those called for impeachment only."

his right to present a defense at trial resulting from the trial court's exclusion of the DNR witness who would have allegedly presented records reflecting that he was not registered as a camper at the Ottawa Lake Campground during July 1985; (2) he was denied his right of due process at the post-conviction hearing when the court allowed the prosecution to present evidence of the registration of Daniel Smith at the adjoining Pine Woods Campground in July 1985; and (3) he received ineffective assistance of counsel as a result of his counsel's failure to comply with the state discovery rule regarding the exchange of witness lists, and also because his counsel failed to object to the victim's social worker's opinion evidence that the victim's testimony was truthful.

## III. EXCLUSION OF WITNESS

■ Initially, Smith argues that the trial court's exclusion of the testimony of DNR warden Anderson who would have submitted camp registration records demonstrating that Smith was not registered as a camper at the Ottawa Lake Campground during July 1985 "violated his due process right to present a defense." The exclusion of Smith's witness on the basis of a procedural rule requiring the naming of witnesses prior to trial whom the party intends to call (Wis.Stat. § 971.23) must be weighed against the petitioner's Sixth Amendment right to a fair trial. This court has adopted the following analysis:

> "[T]he right of a defendant to present relevant and competent evidence is not absolute and may 'bow to accommodate other legitimate interests in the criminal trial process,' ... although the competing state interests must be substantial to overcome the claims of the defendant. Our task is thus to evaluate the exculpatory significance of the proffered evidence ... and then to balance it against the competing state interest in the procedure rules that prevented the defendant from presenting this evidence at his trial."

*United States ex rel. Enoch v. Hartigan,* 768 F.2d 161, 163 (7th Cir.1985) (quoting *McMorris v. Israel,* 643 F.2d 458, 461 (7th Cir.1981), *cert. denied,* 455 U.S. 967, 102 S.Ct. 1479, 71 L.Ed.2d 684 (1982)), *cert. denied,* 475 U.S. 1053, 106 S.Ct. 1281, 89 L.Ed.2d 588 (1986). "In addition to preventing surprise, other factors considered before a witness preclusion sanction is employed to enforce discovery rules are: the effectiveness of less severe sanctions, the materiality of the testimony to the outcome of the case, prejudice to the other party caused by the testimony, and the evidence of bad faith in the violation of discovery rules." *Id.*

■ To establish a violation of the Sixth Amendment right to present a defense, a defendant must show more than that he was merely deprived of the testimony of a witness: "he must at least make some plausible showing of how [the] testimony would have been *both material and favorable to his defense." United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982) (emphasis added). This court recently addressed the issue of a criminal defendant's right to present a defense:

> "The right to present a defense is based on a criminal defendant's right, under the Sixth and Fourteenth Amendments, to compulsory process for obtaining witnesses. *See Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). To decide whether a constitutional violation has occurred, *we must determine whether the testimonial evidence to be presented by the witness 'was relevant, material, and vital to the defense,* and whether the exclusion of that evidence was arbitrary.' "

*United States ex rel. Ashford v. Director, Illinois Dept. of Corrections,* 871 F.2d 680, 686 (7th Cir.1989) (quoting *Lange v. Young,* 869 F.2d 1008, 1011 (7th Cir.), *cert. denied,* 490 U.S. 1094, 109 S.Ct. 2440, 104 L.Ed.2d 996 (1989)) (emphasis added).

■ We are of the opinion that the DNR records were not indispensable to Smith's defense because absence of a registration alone would not establish that Smith was not at the Ottawa Lake Campground when the incident occurred. Smith's argument

that he was not registered at the Ottawa Lake Campground fails for the following reasons: (1) The Pine Woods and Ottawa Lake campgrounds are adjacent to one another, and Smith could very easily have been present at Ottawa Lake while having been registered at Pine Woods, since there is an access road connecting the two campgrounds (it is most unlikely that Smith would have registered at Pine Woods and the Ottawa Lake camp sites and thus incur the expense of two separate registration fees); (2) Smith could have used an alias when registering at Ottawa Lake; or (3) Smith may have been present at the Ottawa Lake Campground without registering at either Ottawa Lake or Pine Woods. The mere absence of proof of registration at Ottawa Lake falls far short of establishing that the defendant was not in the area at the time of the sexual assault when considering and weighing the testimony of the victim regarding the assault, the corroborating testimony of her girlfriend as to the approximate date and location of the crime scene, Smith's presence with the victim and his unsuccessful attempt to persuade her (the victim's girlfriend) to have sex with him that evening. Thus, Smith has failed to establish that the DNR records would have been "relevant, material, and vital to [his] defense...." *Id.*

## IV. GROUND TO SUSTAIN CONVICTIONS

The petitioner Smith alleges that the state court of appeals and the district court violated his due process rights in finding that the excluded DNR material was not vital to his defense and thus impermissibly sustained his conviction on a theory not submitted to the jury. Smith, without a scintilla of support in the record, argues that the prosecution theory at the post-conviction hearing was that the rape occurred at the Pine Woods Campground rather than the Ottawa Woods camp site. We note that Smith has failed to point to such an argument by the prosecution during the post-conviction hearing, and further, neither the state court of appeals nor the district court relied upon the Pine Woods registration receipt to sustain Smith's conviction. The opinion of the state court recited that the "[e]vidence that no 'Daniel Smith' had registered at that particular campground is not overly favorable in light of the record which reflects the registration of a 'Daniel Smith' at an adjoining campground and driving the same make of automobile," while the district court, in the context of deciding the ineffective assistance claim stated that "the Pine Woods receipt ... was partially inculpatory." But neither court expressed any opinion regarding whether the assault occurred at the Pine Woods Campground. Smith relies on two Supreme Court cases, *Chiarella v. United States*, 445 U.S. 222, 236, 100 S.Ct. 1108, 1118–19, 63 L.Ed.2d 348 (1980) and *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), in support of his argument. Smith's reliance is misplaced because *Chiarella* and *Dunn* involved cases where evidence was insufficient to support the theory relied upon by the government at trial, and the reviewing court relied upon the evidence presented to the jury to sustain a conviction on an alternate theory that was not before the jury.[2] In contrast, Smith is

---

**2.** In *Chiarella*, an employee of a printing firm that produced announcements of a corporate takeover was convicted of violating the federal law against "insider trading," 15 U.S.C. § 78j, after he purchased stock in the target companies based on information contained in the announcements and later sold the stock at a profit after the takeover attempts became public. Neither the trial court nor the court of appeals determined that the employee had a duty to disclose to his sellers the information about the takeover attempts. Before the Supreme Court, the government advanced an alternative theory of liability for the first time, contending that the employee owed the acquiring corporation a

duty of silence as an employee of the acquiring corporation's printer. The Supreme Court declined to entertain this alternate theory because it had not been submitted to the jury. *Chiarella*, 445 U.S. at 231–37, 100 S.Ct. at 1116–19.

In *Dunn*, an indictment charged Dunn with making false declarations in violation of 18 U.S.C. § 1623 as a result of Dunn's testimony before a grand jury in which he implicated a fellow prisoner in drug-related offenses. The indictment alleged that Dunn's testimony before the grand jury was inconsistent with statements that he made under oath to the prisoner's attorney, in which he recanted his grand jury testi-

not challenging the legal theory of his conviction but rather the theory upon which it was sustained. We wish to make clear that neither the state court of appeals nor the federal district court affirmed his conviction on a theory not presented to the jury, for neither court concluded that the assault occurred at the Pine Woods Campground. Thus, Smith's argument that the state court of appeals and the federal district court impermissibly sustained his conviction on a theory not submitted to the jury is without merit.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Smith alleges he was a victim of ineffective assistance of counsel, referring to his trial counsel's failure to name a particular defense witness on the witness list provided to the state pursuant to Wisconsin Statutes Section 971.23, and further to his defense counsel's failure to object to the prosecutor's eliciting the social worker's opinion evidence that B.J.S. was telling the truth when testifying about the sexual assault.

Smith faces a heavy burden in raising an ineffective assistance of counsel claim. *Sullivan v. Fairman*, 819 F.2d 1382, 1390 (7th Cir.1987). Recently, this court stated what a defendant alleging ineffective assistance of counsel must show:

"(1) That his attorney's representation fell below an objective standard of reasonableness (performance prong), *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceedings would have been different (prejudice prong), *id.* at 694, 104 S.Ct., at 2068. *See also United States ex rel. Barnard v. Lane*, 819 F.2d 798, 802 (7th Cir.1987); *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir.), *cert. denied*, [481] U.S. [1041], 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). With regard to the performance prong, the defendant must identify the specific acts or omissions of counsel that formed the basis for his claim of ineffective assistance. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The court 'must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' *Id.* The court's scrutiny of counsel's performance must be conducted with a high degree of deference and without the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. at 2065; *United States v. Sherwood*, 770 F.2d 650, 655 (7th Cir.1985). As to the prejudice prong of the inquiry, a 'reasonable probability' of a different result means a 'probability sufficient to undermine confidence in the outcome [of the trial].' *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068."

*United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir.1991) (quoting *United States v. Moya–Gomez*, 860 F.2d 706, 763–64 (7th Cir.1988)). Moreover, "[w]hen we determine that the appellant has failed to demonstrate error on either prong of the *Strickland* test, we need not address the other." *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir.1991).

■ At trial, Smith attempted to introduce evidence through DNR warden

---

mony implicating the prisoner. At a later hearing, Dunn adopted the statement he made to the prisoner's attorney and also testified that only part of his grand jury testimony had been true. Dunn challenged his conviction, alleging on appeal that the statement he made to the prisoner's attorney, on which the government had relied, was not a statement "made in a proceeding ancillary to a federal court or grand jury as required by § 1623(c)." *Dunn*, 442 U.S. at 104, 99 S.Ct. at 2193. The court of appeals agreed but upheld the conviction on the theory that the hearing was a proceeding ancillary to a grand jury investigation and that what had occurred was an immaterial variance between the indict-

ment and the proof at trial. The Supreme Court reversed:

"There is, to be sure, no glaring distinction between the Government's theory at trial and the Tenth Circuit's analysis on appeal. The jury might well have reached the same verdict had the prosecution built its case on petitioner's [testimony at the hearing] rather than on the [statement made to the prisoner's attorney]. But the offense was not so defined, and appellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial."

*Id.* at 107, 99 S.Ct. at 2194.

Anderson that he was not registered at the Ottawa Lake Campground during July 1985. The trial court refused to allow the evidence because the warden's name had not been included in the list of potential defense witnesses the defendant provided to the State as required under Wisconsin Statutes Section 971.23. Smith argues that trial counsel's failure to include the warden's name on the list of potential defense witnesses constitutes ineffective assistance of counsel. Even considering the problems set forth, Smith has failed to demonstrate that his trial counsel's performance was deficient to a degree that his case was prejudiced. The evidence of DNR camp registration records, which the petitioner alleges would have demonstrated that he was not registered as a camper at the Ottawa Lake Campground during July of 1985, was not indispensable to the defense: the fact that Smith was not registered at the Ottawa Lake Campground does not establish that it was impossible for Smith to have been present at the campground during the time of the sexual assault. As we noted *supra,* Smith could have been present at the Ottawa Lake Campground without registering, he could have registered at Ottawa Lake under a false name, or he could have registered at the Pine Woods Campground and entered the Ottawa Lake Campground through the access road joining the two campgrounds. We are not convinced that Smith's trial counsel's failure to include the DNR witness' name on the witness list, thus in effect barring the witness from testifying, was so deficient as to rise to the level of prejudicial error required.

Smith also alleges that he was denied his right to effective assistance of counsel as a consequence of his counsel's failure to object to the social worker rendering an opinion dealing with the truthfulness of B.J.S.'s testimony regarding the alleged sexual assault. At the close of the State's direct examination of B.J.S.'s social worker, the district attorney inquired: "And do you believe [B.J.S.] is telling the truth about this incident?" The social worker responded, "Yes, I do." Smith's trial counsel did not object to the State's

question nor did he move to strike the witness's response. Smith contends that the social worker's opinion improperly bolstered B.J.S.'s credibility and prejudiced his defense. This argument also fails. The state court of appeals concluded that his failure to object did not fall below the objective standard of reasonableness:

> "Initially, we note that counsel testified at the post-conviction hearing that this evidence came in too quickly for him 'to raise a fuss' over. Implicit in that statement is the recognition that an objection, interposed after the answer before the jury, would serve primarily to highlight the evidence in the eyes of the jury. Thus, an attorney's choice to not object is a strategic decision."

Wisconsin Court of Appeals at 8. The district court concurred, noting that "[w]ith regards to the social worker's opinion, the jury was instructed that they are the sole judges of witness' credibility [and] I must assume that the jurors followed the court's instruction." District Court at 9. We agree with the court of appeals and the district court and point out that trial counsel had ample opportunity through the presentation of four character witnesses to discredit B.J.S.'s credibility. Thus, we do not believe that the single question to B.J.S.'s social worker during the course of a two-day trial would have caused the jury to change its opinion regarding her truthfulness.

Because Smith has failed to demonstrate prejudice as a result of his trial counsel's failure to include the DNR warden's name on the witness list and his failure to object to the social worker's opinion testimony regarding B.J.S.'s truthfulness, we need not address the performance prong of the *Strickland* test. *See Chichakly,* 926 F.2d at 630.

## VI. CONCLUSION

The judgment of the district court dismissing Smith's habeas corpus motion is

AFFIRMED.