105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alva L. FUNK, Petitioner-Appellant,
v.
Al C. PARKE,[1] Respondent-Appellee.
 No. 95-3612.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Dec. 9, 1996.
Rehearing Denied Feb. 26, 1997.
 
 Before COFFEY, Circuit Judge, EASTERBROOK, Circuit Judge, KANNE, Circuit Judge.
 
 ORDER
 
 1
 Alva L. Funk was convicted of two counts of intimidation while armed with a deadly weapon, two counts of resisting law enforcement while armed with a deadly weapon, one count of resisting law enforcement, three counts of criminal recklessness while armed with a deadly weapon, and was also determined to be a habitual offender. Funk was sentenced to serve two consecutive eight-year sentences for the intimidation offenses, which were enhanced by 30 years because of his status as a habitual offender, and a one-year concurrent sentence for the resisting offense. Funk appeals the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Funk alleges that: 1) the trial court improperly denied his motion for a continuance and denied his right to compulsory process; 2) he received ineffective assistance of counsel; and 3) there was insufficient evidence to support his conviction. After conducting a de novo review, we affirm the judgment of the district court. Harmon v. McVicar, 95 F.3d 620, 622 (7th Cir.1996).
 
 DENIAL OF CONTINUANCE AND COMPULSORY PROCESS
 
 2
 On the first day of trial Funk moved for a continuance so that he could obtain testimony from Frank Oliver, a newspaper reporter who purportedly witnessed the high speed chase leading up to Funk's arrest. Oliver was out of the state on military duty at the time of the trial. The district court properly found that the denial of the continuance did not violate the Sixth Amendment since Funk failed to show that the testimony of the reporter would have been both material and favorable. Smith v. Kolb, 950 F.2d 437, 440 (7th Cir.1991) (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)). In order to find a constitutional violation, we must determine that the testimonial evidence to be presented by the witness "was relevant, material, and vital to the defense, and whether the exclusion of that evidence was arbitrary." Lange v. Young, 869 F.2d 1008, 1011 (7th Cir.1989), cert. denied, 490 U.S. 1094 (1989).
 
 
 3
 Funk also contends that he was denied his Sixth Amendment right to compulsory process because the reporter's testimony was material to his defense. "To establish a violation of the Sixth Amendment right to present a defense, a defendant must show more than that he was merely deprived of the testimony of a witness: 'he must at least make some plausible showing of how [the] testimony would have been both material and favorable to his defense." Smith v. Kolb, 950 F.2d 437, 440 (7th Cir.1991) (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (emphasis omitted)). An article that Frank Oliver wrote pertaining to the police pursuit of Funk and his eventual arrest stated that one car kicked up "so much dust that it filled the whole scene." (Appellant's Appendix at A-34). At trial other witnesses testified to the amount of dust in the air. Funk never presented an affidavit from Oliver and has done nothing more than to speculate that Oliver might have testified that the amount of dust made it impossible for the officers to have observed him point a gun at them. Funk has failed to show that the testimony of Oliver would have been material and relevant. The district court therefore, correctly found that there was no constitutional violation of the right to compulsory process or in denying the motion for a continuance.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 4
 Funk alleges that his trial attorney furnished constitutionally deficient assistance of counsel in violation of the Sixth Amendment. To demonstrate ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that it resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 668, 694 (1984); Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). In Lockhart the Court stated that the proper analysis was not whether the outcome would have been different, but the stricter standard of whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' " Lockhart v. Fretwell, 506 U.S. 364, 364 (1993) (quoting Strickland, 466 U.S. at 687)); see also Nichols v. United States, 75 F.3d 1137, 1141 (7th Cir.1996).
 
 
 5
 Funk alleges that his counsel was constitutionally deficient for failing to lay a proper foundation to impeach Officer Welker with a prior inconsistent statement that he made in a pre-trial deposition and for failing to introduce the deposition as substantive evidence. The attempt of Funk's counsel to impeach the testifying officer was unsuccessful due to the trial court sustaining the prosecution's objection on the basis that no proper foundation was laid. The officer's pre-trial deposition stated that he was watching Funk during the entire time that he allegedly pointed a gun at police cars, but that the officer had not seen a gun. The officer testified on direct examination at trial that he never saw Funk with a gun in his hand. Funk apparently believes that this testimony leaves open the inference that the officer was not watching Funk the entire time. However, the fact that this officer's testimony was favorable to him shows that his counsel's failure to impeach the officer did not result in prejudice. This is especially true when coupled with the testimony of two other officers who stated that they did not see anyone in the car hold a gun.
 
 
 6
 Funk also alleges that his counsel was ineffective for failing to interview or depose Frank Oliver. Since other witnesses testified about the details of the chase, Funk has failed to show that he was prejudiced by his counsel's failure to interview or depose Oliver. There is no basis to Funk's ineffective assistance of counsel claim even when we consider the cumulative effect of all the grounds raised.
 
 SUFFICIENCY OF THE EVIDENCE
 
 7
 Funk also alleges that the state failed to prove the charge made and that there was insufficient evidence to convict him of the crimes charged. Funk was convicted of two Class C felonies under the intimidation statute, which states that it is a "Class C felony if, while committing it, the person draws or uses a deadly weapon." Ind.Code § 35-45-2-1 (emphasis added); (Appellant's Required Appendix at A-27).
 
 
 8
 It has been repeatedly held that "federal habeas relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Pulley v. Harris, 465 U.S. 37, 41 (1984). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, we will not examine whether Funk "drew" a gun as that term is defined by Indiana law.
 
 
 9
 "The relevant inquiry for a federal habeas court reviewing a sufficiency of the evidence claim is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Lemons v. O'Sullivan, 54 F.3d 357, 364 (7th Cir.1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A conviction will be reversed " 'only when the record is devoid of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt.' " United States v. Copus, 93 F.3d 269, 271 (7th Cir.1996) (quoting United States v. Johnson, 26 F.3d 669, 684 (7th Cir.), cert. denied, 115 S.Ct. 344 (1994)). At trial, Officer Kohne testified that he saw Funk reach down in the seat and come up with a weapon which Funk pointed towards the vehicle Kohne was driving. (Appellant's Brief at 23-24). This testimony alone would be enough for a trier of fact to find that Funk drew a deadly weapon. Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct," and the applicant has the burden of rebutting this presumption by clear and convincing evidence.[2] Funk has not met this burden. Therefore, Funk has failed to show that no rational trier of fact could have found beyond a reasonable doubt that Funk was guilty of the crime charged.
 
 
 10
 Funk also argues that the charging information referred to Counts I and III as "Information of Intimidation While Armed with a Deadly Weapon," even though the intimidation statute does not use the word "armed" anywhere. (Appellant's Required Appendix at A-28 and A-29 (emphasis added)). Additionally, the jury verdict forms were marked for the conviction of "Intimidation While Armed with a Deadly Weapon." (Appellant's Required Appendix at A-30 and A-31 (emphasis added)). Despite the use of this title on these forms the jury was clearly and repeatedly instructed that the State had to prove that Funk committed the offense of intimidation "while drawing or using" a weapon. (Respondent Brief at 13; Reply Brief of Appellant at A-1--A-4). Therefore, the record illustrates that the jury was informed of what elements the state had to prove and was never told that a mere finding that Funk was armed would be sufficient to support his guilt. In fact, it appears that Funk received an unwarranted advantage by the state proving that he both drew and used a weapon. Once again, Funk has failed to demonstrate that no rational trier of fact could have found him guilty beyond a reasonable doubt.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Funk named the Attorney General of Indiana as one of the respondents. This is improper, and we have dismissed her as a party. Hogan v. Hanks, No. 94-2886 (7th Cir. Sept. 30, 1996); Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 665 n. 1 (7th Cir.1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts
 
 
 [2]
 28 U.S.C. § 2254(e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996) applies to pending cases. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996)